## BROWN v. THE C., R. I. & P. R. Co.

1. **Instruction**: CREDIBILITY OF WITNESS. An instruction directing the jury that if they believed plaintiff had "wilfully testified falsely as to any material fact in the case, that would authorize them to reject all the testimony, unless corroborated by other credible evidence," was *held* to be correct.

2. **Railroads**: RIGHT TO EJECT PASSENGER: REMOTENESS FROM STATION. A railroad company cannot be subjected to liability for the ejection of a recusant passenger at a point remote from a station if in other respects; and under all the circumstances, reasonable care and prudence are exercised in the act.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, JUNE 4.

THIS is an action to recover for injuries which the plaintiff alleges he sustained by being forcibly ejected from the defendant's passenger train at a point about one mile distant from a station. There was a jury trial, and a verdict and judgment for plaintiff for one thousand dollars. The defendant appeals.

*Cook & Richman*, for appellant.

*Caldwell & Walters* and *Hall & Baldwin*, for appellee.

DAY, J.—I. The defendant asked the court to instruct the jury as follows: *"The evidence offered by plaintiff upon the question of the manner in which he received his injuries is entirely and only by his own testimony as a witness.* Formerly, the rules of evidence would not have permitted plaintiff to testify as a witness in an action of this character, and he would have been compelled to make out his case entirely by the testimony of other witnesses; but the statute of Iowa has changed this rule, and in most civil cases permits a party to an action to testify in

his own behalf.    Yet the same statute allowing parties to tes-
tify permits the interest of the witness, as a party, to be
considered as affecting his credibility as a witness; and in
this case it is your duty, in considering the weight to be given
to plaintiff's testimony, to consider the interest which he
necessarily must have in the result of this action.    In weigh-
ing his testimony you should also consider whether or not
his statements are probable, in view of all the circumstances
of the case; whether or not his statements are consistent with
themselves; and whether or not they conflict with any state-
ments or declarations which he may have made at any pre-
vious time, when in possession of his reason and mental facul-
ties.    If you should believe that plaintiff has wilfully testified
falsely as to any material facts in the case, that would
authorize you to reject all his testimony."

The court modified this instruction by omitting all that por-
tion which we have indicated in Italics, and by adding to the
end of the instruction the following words, "unless corroborated
by other credible evidence," and gave the instruction as so
modified.    The defendant excepted to the refusal to give the
instruction as asked, and assigns the modification of it as
error.

1.    That the plaintiff offered no evidence as to the manner in
which he received his injuries except his own testimony was a
fact which the trial disclosed, and about which the jury knew
just as much as the court.    It was not at all necessary that the
court should instruct respecting it, if, indeed, it was proper to
do so.    The refusal of the court to give this part of the in-
struction asked worked the defendant no prejudice.

2.    While the modification by addition might have been
made more specific and certain, yet we feel satisfied that it
was not likely to be so understood by the jury as to prejudice
the defendant.    The instruction, as modified, reads as follows:

"If you should believe that plaintiff has wilfully testified
falsely as to any material fact in the case, that would author-

ize you to reject all his testimony, *unless corroborated by other credible evidence.*"

The defendant insists that the tendency of this instruction is to induce the jury to suppose that if plaintiff was corroborated by other credible evidence on any points they would not have the right to reject any of his evidence. This is clearly not the meaning of the instruction, and it is not probable that the jury so understood it. It simply means that if plaintiff is corroborated by other credible evidence the jury would not be authorized to reject all his testimony. Applying to the case the common sense which a jury is supposed to possess, they would naturally conclude that they should not reject the portion of plaintiff's evidence as to which he was corroborated. See *State v. Wells*, 46 Iowa, 662.

II. The defendant asked the court to give the jury the following instruction, with the exception of the Italicized portions: "Railroad companies have the right to demand and receive legal rates of fare from persons traveling on their trains; and, in the event

2. RAILROADS: right to eject passenger: remoteness from station.

of the refusal of a passenger to pay his fare or show a ticket, conductors of a train have a right to eject such a passenger from the train, without using any more force or violence than may be necessary to overcome any unlawful resistance which such passenger may offer. It is the duty of the conductor to bring the train to a full stop before compelling the party to be ejected to step from the train, *and exercise such ordinary care in ejecting him as an ordinarily prudent man would exercise under similar circumstances as connected with this case.* In this State it is not necessary that the train should be at a station in order to justify the ejection of a person refusing to pay fare, but a conductor has a right to eject such a person between stations, at points *not remote from stations*, and where the situation of the ground is such as not to expose the person ejected to special risks of danger."

The court modified this instruction by inserting the parts indicated in Italics, and gave it as modified. The refusal of

the court to give the instruction as asked, and the modification of it, the defendant assigns as error. Complaint is made only of the last modification, by the insertion of the words *not remote from stations.*

Where there is no statute requiring the ejection of a person refusing to pay his fare at a station, the right to eject is not, we think, limited to points not remote from stations. A train running at an ordinary rate would often be much more remote from a station than the point where plaintiff was ejected before the conductor could pass through the train and ascertain that there was a person aboard who refused to pay fare. If the passenger cannot be evicted at such point he must be carried free to the next station, or the train must be backed to a point near to the station, thus subjecting all the other passengers to a liability to lose connection, or to danger from accident on account of increased speed to make up for loss of time. The mere fact of remoteness from the station, we think, is not material. In exercising the right of ejection reasonable and ordinary care should be employed. In determining whether such care has been exercised all the circumstances should be considered, as the physical condition of the person ejected; the time, whether in daylight or late at night; the condition of the country, whether thickly or sparsely settled; the place of the ejection, whether near to or remote from dwellings of any character, including stations; the character of the weather, whether pleasant or inclement, etc., etc. The rules of law, as well as the dictates of humanity, require that the ejection shall occur at such place and be conducted in such manner as not unreasonably to expose the party to danger. But, as a rule of law, we do not think a railroad company can be held liable simply for ejecting a recusant passenger at a point remote from a station, if in other respects he is not subjected to unreasonable danger. See *Jefferson Ry. Co. v. Rogers*, 28 Ind., 1.

For the error in the modification of this instruction the judgment is

REVERSED.