(9 Misc. Rep. 4.)

### AMATO v. SIXTH AVE. R. CO.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. TRIAL—FAILURE TO REQUEST DIRECTION OF VERDICT.
　　Where a party at the close of the evidence does not ask for the direction of a verdict, it is an admission that the evidence was sufficient to go to the jury.

2. LIABILITY OF MASTER—SCOPE OF SERVANT'S AUTHORITY.
　　Authority of a street-car driver to expel trespasser from the car is implied from the employment, and therefore the company is liable for unnecessary violence of the driver in exercising such authority.

Appeal from trial term.

Action by Giovanni Amato, an infant, by Matthew De Stephano, his guardian ad litem, against the Sixth Avenue Railroad Company, for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Wm. S. Cogswell, for appellant.

D. M. Porter, for respondent.

BISCHOFF, J. In response to the call of a passenger, and intending to supply the latter with a paper, the plaintiff, a newsboy, jumped aboard one of the defendant's cars. While standing on the front platform of the car in the act of supplying the passenger, the

plaintiff was ordered off by the driver. The lad begged to be permitted to remain pending the passing of a truck, and did not at once leave the car, which was moving at the time. Heedless of the appeal, the driver violently pushed the lad, who fell off and under the car, thus sustaining the injuries which have made him a cripple for life. True, the driver, called as a witness for the defendant, denied that he pushed the lad; but there is nothing so intrinsically improbable in the latter's version of the accident that, in crediting him, we may say that a verdict in his favor was against the preponderance of evidence. The defendant did not, when the introduction of evidence for both sides was concluded, ask that a verdict be directed in its favor. Neither was the motion for dismissal of the complaint renewed. It was conceded, therefore, that the evidence was sufficient to require its submission to the jury. Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996.

We assume that in boarding the defendant's car, not intending to become a passenger, the plaintiff, for the time being, was a trespasser. That fact, however, did not lawfully expose him to ejectment by unusual means or excessive force, nor license the defendant or its servants unnecessarily to inflict upon him bodily injury (Filkins v. People, 69 N. Y. 101; Kiff v. Youmans, 86 N. Y. 324; Loomis v. Terry, 17 Wend. 496); and whether or not the force used was excessive, or the means resorted to for the plaintiff's expulsion were unusually dangerous and menacing to life or limb, was, in view of all the circumstances, a question of fact for the jury (Cooley, Torts, 2d Ed., p. 194 et seq.). Defendant may lawfully prevent access by a trespasser to its cars; and, if access has been gained, it may lawfully expel the trespasser, using for that purpose only necessary force, in view of all the circumstances, and resorting to no means which unnecessarily menace the life or limb of the trespasser. It may lawfully delegate its authority in that regard to its servants, and "qui facit per alium facit per se." Broom, Leg. Max. pp. 524, 525; Cooley, Torts (2d Ed.) p. 625 et seq. Authority from the defendant to its driver to expel trespassers is fairly to be implied from the employment. Wood, Mast. & S. p. 524 et seq. Hence, in ejecting the plaintiff from the car the driver was acting within his employment, and the rule "respondeat superior" applies. To that effect are the adjudged cases. Rounds v. Railroad Co., 64 N. Y. 129; Hoffman v. Railroad Co., 87 N. Y. 25; Clark v. Railroad Co., 40 Hun, 605, affirmed 113 N. Y. 670, 21 N. E. 1116; Day v. Railroad Co., 12 Hun, 435, affirmed 76 N. Y. 593. The judgment and order should be affirmed, with costs. All concur.