(9 Misc. Rep. 156.)

MORGAN v. GOLDBERG et al.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. APPEAL—REVIEW—DECISION OF DISTRICT COURT.
    Decision of a justice of a district court on conflicting evidence will not be disturbed on appeal.

**2.** LANDLORD AND TENANT—RENEWAL OF LEASE—WAIVER OF NOTICE.
  The holder of a lease which provided for its renewal on certain notice to the landlord represented to the landlord that the lease was lost, and requested "something to show" the lease. Thereupon the landlord signed a paper reciting that the premises were leased for a certain term, with the privilege of renewal, but not stating that any notice of the renewal was required. *Held*, that the stipulation in the lease for notice of renewal was not thereby waived.

Appeal from district court.

Summary proceedings by Charles V. Morgan against Etta Goldberg and others. From a judgment in favor of plaintiff, defendants appeal.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Louis Steckler, for appellants.

H. C. Henderson, for respondent.

PRYOR, J. In a summary proceeding the tenant asserted a right of possession by virtue of a privilege of renewal. But the privilege of renewal was conditioned on a written notice of at least 90 days before the expiration of the original term, and the trial court negatived the fact of the notice. The testimony on behalf of the tenant is of a character that vindicates the incredulity of the justice. Even upon paper it provokes suspicion, but then, doubtless, the manner of the witnesses was indicative of their untruthfulness. In any event, it is not for us to overrule the decision of the justice on so direct a conflict of evidence. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731. Shortly after the death of the original lessee, upon a representation of his widow that her husband's copy of the lease was lost, and a request that the landlord would "give something to show they had a lease," he delivered this paper: "Received from Ettie Epstein the sum of sixty-five dollars on account of rent for house No. 248 East Broadway, leased for five years, with the privilege of five, commencing May 1st, 1888. Said premises are rented at the rate of seven hundred and twenty-five dollars,"—subscribed by the landlord. The appellants insist that here was a waiver of the stipulation for notice of renewal in the original lease, but the contention is plainly untenable. On the contrary, the paper was a mere memorandum to certify the fact that the tenant had a lease. It was not intended as a surrender of the lease and the substitution of a new contract of letting, else assuredly its terms would have been more precise and complete. A lease of valuable property for a period of 10 years was never so drawn. Judgment affirmed, with costs. All concur.