(10 Misc. Rep. 109.)

### BABER v. BROADWAY & S. A. R. CO.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

MASTER AND SERVANT—LIABILITY OF MASTER FOR ACTIONS OF SERVANT.

It is a part of the duty of a street-car driver to keep trespassers off his car, and therefore, where he compels a boy who had entered it, to sell a paper to a passenger, to jump off while the car was in rapid motion, such act, though wanton and reckless, is within the scope of his employment.

Action by George L. Baber, an infant, by his guardian ad litem, against the Broadway & Seventh Avenue Railroad Company, for personal injuries. The complaint was dismissed, and plaintiff moves for a new trial on exceptions ordered to be heard at general term in the first instance. Granted.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Gilbert D. Lamb, for appellant.
Root & Clarke, for respondent.

BISCHOFF, J. When the trial judge directed the dismissal of the complaint, it sufficiently appeared from the evidence that the plaintiff sustained his injuries through the fault of the defendant's driver, and that the plaintiff was free from contributory negligence. The conduct of the driver, though wanton, was in the course of his employment. On the evening of April 9, 1891, the plaintiff, a newsboy, 11 years of age, without molestation by the driver, who was standing close by, boarded the front platform of the defendant's car, which had come to a stop at Twenty-Fourth street and Seventh avenue. His object in so doing was to supply a passenger, who had beckoned him, with a newspaper. While the plaintiff was making the change of the coin given him by the passenger, the car started up, and was under considerable headway as it approached Twenty-Third street. At this point the lad asked the driver to stop the car, to enable him to alight. The request was refused, the driver at the same time ordering the plaintiff to "jump" off the car. Twice the plaintiff repeated his request, each time with the same result. The last time the driver's command to "jump" was accompanied by gestures manifesting anger, the stamping of his foot, and reaching forward as if about to seize his lash or whip, which at the time was hanging over the dashboard. Fearful of being beaten off if he remained, yet appreciating the risk of injury if he alighted from the moving car, the plaintiff leaped, fell, and so sustained the injuries of which he complained.

The plaintiff was a trespasser, but, even so, the fact did not lawfully expose him to the use of excessive force or means of ejecting him which were unnecessarily menacing to his life or limb (Amato v. Railroad Co. [Com. Pl. N. Y.] 29 N. Y. Supp. 51); and the rule respondeat superior obtains, though the servant's conduct, while acting within the scope of his authority, was wanton and reckless,

unless the exercise of authority was a mere pretense for the accomplishment of some independent wrong (Hoffman v. Railroad Co., 87 N. Y. 25). Proof of express authority to the driver to eject a trespasser was not required. The authority of the servant to protect his master's premises from the intrusion of third persons is an incident of ordinary employment. Hence the fact of such authority is inferable from the fact and character of the employment. Hoffman v. Railroad Co., supra; Wood, Mast. & S. § 279, etc. If the driver of the defendant's car were sued for an assault for having ejected the plaintiff, without resort to excessive force or unusual means, his implied authority would constitute an adequate defense. Hoffman v. Railroad Co., supra. Unquestionably, therefore, the driver was acting in the course of his employment in ejecting the plaintiff.

Contributory negligence was not predicable of the fact that the plaintiff leaped from the moving car. It was not his voluntary act. The driver's conduct left him with that as the only escape from being beaten or violently thrown from the car; and it is a familiar rule that if one person, through the fault of another, is forced to assume a perilous alternative to escape other impending danger, negligence cannot be imputed to the former. Neither is error of judgment in a sudden and instinctive effort to escape impending danger to be accepted as a proximate cause of resultant injury. 4 Am. & Eng. Enc. Law, p. 48, etc., and cases collected in the notes.

The exceptions should be sustained, and a new trial ordered, with costs to the plaintiff to abide the event. All concur.