(13 Misc. Rep. 169.)

### BABER v. BROADWAY & S. A. R. CO.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

APPEAL—INCONSISTENT STATEMENTS OF WITNESS.

In an action for personal injuries, testimony by plaintiff that while he was on defendant's street car, selling a newspaper to a passenger, the driver compelled him, by threats of violence, to jump off while the car was in rapid motion, and refused to stop the car, is not inconsistent with a further statement that his last request for the driver to stop was made on the north side of a certain street, and that he fell after the car had reached the south side of that street.

Appeal from trial term.

Action by George L. Baber, by guardian, etc., against the Broadway & Seventh Avenue Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Henry A. Robinson, for appellant.

Gilbert D. Lamb, for respondent.

BISCHOFF, J. The points raised upon this appeal are found in the main to have been already determined adversely to the appellant in the opinion heretofore handed down upon the motion for a new trial upon exceptions after a nonsuit, the result of the former trial of the action. Baber v. Railroad Co., 10 Misc. Rep. 109, 30 N. Y.

Supp. 931. We there held that, impliedly, the driver of defendant's car, having apparent charge of defendant's property, was acting within the scope of his employment when directing plaintiff, a trespasser, to leave the car, and that, therefore, defendant was liable for the injury occurring under the particular circumstances of the case. Further, it was determined that plaintiff was not chargeable with contributory negligence.

It is urged, however, that the driver, when called as a witness upon this trial, stated that it was the conductor's duty to eject trespassers found upon the car. True, this testimony may be said to conflict with the inference of his duty as noted above, but that inference is not thereby conclusively rebutted, and it was for the jury to draw this inference from the facts in evidence.

It is also contended that from the plaintiff's own testimony it appears that he was not impelled suddenly to jump off the car through fear, since he testified that his last request of the driver to stop was made at the northern side of Twenty-Third street, whereas the evidence in the case bears out the fact that his fall took place when the car had reached the southern side of that street. No sufficient inconsistency is presented by this fact to call for our disapproval of the result reached at the trial. Plaintiff testified that he did actually jump from the car to escape the immediate injury threatened by the driver's motion; but, we are advised by counsel, the car must have proceeded for a distance of 65 or 85 feet during the period which elapsed between the time of plaintiff's request and the moment of his injury; hence this injury was not the result of an impulsive act, and his manner of leaving the car was negligent. The difficulty with this contention is that we cannot well presume the driver's answer to the request and his hostile gesture to have followed instanter the plaintiff's words. Of this the record does not apprise us; but we have the fact that the car was proceeding at a rapid pace, and are unable to say that the interval of space in question could not have been covered with such dispatch that, assuming some reasonable deliberation upon the driver's part, the state of facts presented would be quite consistent with the plaintiff's statement that his fall was due solely to his having been suddenly frightened off the car.

The remaining ground urged for a reversal is that error is presented by the appellant's exception to the admission of plaintiff's testimony that he jumped from the car in obedience to the belief that he would be struck had he failed so to do. The argument appears to be that the question asked usurped the province of the jury. This does not seem to be the fact. The driver's threatening act might have had a different effect upon another individual, and evidence of the actual effect upon the plaintiff was apparently admissible upon the issue of contributory negligence. But, apart from this, the exceptions are unavailing, since no grounds for the objection which was overruled were presented upon the trial. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996; Malcolm v. Lyon (Com. Pl. N. Y.) 19 N. Y. Supp. 210.

The judgment and order must be affirmed, with costs. All concur.