Sullivan, }
June, 1895. }

### ROWELL v. BOSTON & MAINE RAILROAD.

In an action against a railroad company for trespass to the person, evidence tending to show that a conductor in charge of a freight train ejected the plaintiff from a car in the exercise of authority conferred by his employers, and used more force than was necessary in so doing, warrants a submission of the case to the jury.

TRESPASS, for assault and battery. June 22, 1894, a freight train of the defendants arrived at the station in Newport, in charge of Conductor Woodbury. The plaintiff, expecting some freight on this train, came to the railroad station to get it. He was informed by the station agent that there was no freight for him, but he entered one of the cars of this train where the conductor was unloading freight, and made an inquiry of him about the freight. The conductor requested him to leave the car and then ejected him, or attempted to eject him, from the car, whereby the plaintiff claims he was assaulted and injured.

The plaintiff testified: "I stepped into the way car to see if there was any grass-seed for me. Woodbury, the conductor, asked if I had anything there. I said I did not know. He said (with an oath), 'Get out of here.' He caught me, tore my clothes, and forced me to the side of the car. He did not get me out. I resisted. He twitched me around considerable, and tore my jumper. He did not lay out strength enough to put me out. . . . He slapped me in the face. I was hurt more in mind than in body. . . . I was struck as hard as he could with his open hand. The prints of his fingers were on my cheek when I went to Bowers' office to get the writ made." The plaintiff's son testified: "Woodbury grabbed hold of him, tore his coat, slapped him beside the face."

The defendants moved for a nonsuit because, (1) "on the plaintiff's own testimony, Woodbury used no more force than was necessary; (2) it was only a simple assault by Woodbury, not in the exercise of his duty." The defendants also moved that a verdict be directed for them upon the ground, "that the plaintiff says Woodbury exhausted his strength on him and put him down, and he (plaintiff) went out." Both motions were denied, subject to exception. The jury disagreed.

*Albert S. Wait* and *William A. J. Giles*, for the plaintiff.

*Oliver E. Branch* and *William H. Sawyer*, for the defendants.

WALLACE, J. The question raised here is whether the defendants' motions for a nonsuit and for a verdict in their favor should have been granted. If the plaintiff, when the conductor attempted to eject him from the freight car, was there without right and was a trespasser, yet he had a right to have the case submitted to a jury, if there was any evidence from which it was competent for them to find that the act of the defendants' servant, in ejecting or attempting to eject the plaintiff from the car, was within the scope of the servant's employment, and that he ejected or attempted to eject the plaintiff without giving him sufficient opportunity to leave the car, or if in so doing more force was used than was necessary. The master is responsible for the acts of the servant while engaged in his master's work, which are done as a means and for the purpose of performing that work; and this is so, whether the wrong is done by the servant's performing his master's business in a negligent manner, or by a wanton or reckless purpose to accomplish it in an unlawful manner. When, however, the servant, for his own purpose, does a wrong without the direction or authority of the master and not for the purpose of executing his orders or doing his work, the master is not liable. *Wilson* v. *Peverly,* 2 N. H. 548; *Grimes* v. *Keene,* 52 N. H. 330; *Andrews* v. *Green,* 62 N. H. 436; *Howe* v. *Newmarch,* 12 Allen 49; *Bowler* v. *O'Connell,* 162 Mass. 319; *Rounds* v. *Railroad,* 64 N. Y. 129; Cool. Torts 534, 538.

It appears that Woodbury was the conductor in charge of this freight train for the defendants; that in the exercise of his authority over the car which the plaintiff entered, he ordered the plaintiff to leave; and was attempting to enforce this order by putting him out of the car. There was some evidence for the consideration of the jury and from which they might have found that he was performing this act as the business of his master, and that it was within the scope of his employment. There was also some evidence that Woodbury, upon ordering the plaintiff to leave the car, almost immediately ejected or attempted to eject him, slapped him in the face, and struck him so hard that the finger prints were on his face a short time thereafter. This was competent for the jury to consider on the questions of whether Woodbury ejected or attempted to eject the plaintiff without giving him a sufficient opportunity to leave, or used more force in ejecting him than was necessary, and from which they might have determined these questions in the plaintiff's favor. The defendants' motions for a nonsuit and for a verdict in their favor were properly denied.

*Exceptions overruled.*

All concurred.