Hillsborough, }
  June, 1900. }

## TURLEY v. BOSTON & MAINE RAILROAD.

The master is not liable for an act of his servant beyond the scope of the latter's employment, which was not directed by the master or occasioned by any fault on his part.

CASE, for injuries received by being shot while in the defendants' freight yard in Manchester, by Thomas J. Saxton, an employee of the defendants.

The plaintiff testified that he went to the freight yard on January 15, 1899, as he had frequently done, to see if there were cars of coal consigned to local dealers, so that he might apply for a job of shoveling. While in the yard he heard shouting and saw men running. Saxton walked up to him, seized him, asked him where he was going, and started to draw a black-jack, whereupon the plaintiff broke away and ran about a hundred feet, when he was shot in the back. He made no assault upon Saxton.

Saxton testified that he was employed by the defendants to clean and care for the lamps in the freight yard. Prior to the day of the shooting, he had driven from the yard certain persons, denominated the "scut beer gang," whose habit it was to loiter there, and who had fought with him and made threats against him. He

reported these affrays to the defendants' agent, and was told to look out for himself. On January 15, 1899, Saxton saw members of the "beer gang," the plaintiff being one of the party, going toward the freight yard. He followed them and found the plaintiff on the watch. After an unsuccessful attempt to seize the plaintiff, Saxton ran down the yard, and seeing others gathering, apparently to make a fight, fired a revolver at the end of a freight car for the purpose of frightening the crowd and protecting himself. He did not think the bullet could have hit the plaintiff. Saxton was not an officer or a watchman. He had no orders to drive the "beer gang" from the freight yard, and was required only to report their presence there; but whenever he saw them going to the yard it was his practice to follow them and order them off the defendants' premises.

At the close of the plaintiff's evidence a nonsuit was ordered, subject to his exception.

*Sullivan & Broderick*, for the plaintiff.

*Oliver E. Branch* and *Cyrus H. Little*, for the defendants.

PARSONS, J. As there was no evidence tending to show that the shooting of the plaintiff by Saxton resulted from any fault of the defendants, was directed by them or done by their authority, or was any part of Saxton's work of cleaning and caring for the lamps in the yard, for which he was employed and which was the sole capacity in which he represented the defendants, it cannot be found that the act of Saxton complained of, whether willful or negligent, was the defendants' act, or within the scope of Saxton's employment by them. *McGill* v. *Granite Co.*, ante, p. 125; *Rowell* v. *Railroad*, 68 N. H. 358; *Andrews* v. *Green*, 62 N. H. 436; *Wilson* v. *Peverly*, 2 N. H. 548.

*Exception overruled : judgment for the defendants.*

PEASLEE, J., did not sit: the others concurred.