CHARLES A. KLENK, Jr., Respondent, v. THE OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

No. 1527.    (76 Pac. 214.)

1. **Negligence: Pushing Trespasser from Train: Instructions.**
    Evidence that defendant's brakeman pushed plaintiff from the steps of the train, on which he was a trespasser, while it was going at a speed of from 12 to 20 miles miles an hour, showing unnecessary acts, which would not have been performed by a reasonable and prudent person, an instruction defining "negligence" is pertinent.

2. **Same: Liability of Master.**
    In expelling a trespasser, the carrier, through his servants, is bound to exercise reasonable care to avoid unnecessary injury to the person expelled; and, for an injury which arises from failure to use this care, the carrier will be liable in damages.[1]

3. **Same: Evidence: Exceptions: Appeal.**
    The sufficiency of the evidence to justify the verdict can not be considered on appeal, the bill of exceptions not showing any exception on the ground of such insufficiency.

(Decided April 9, 1904.)

Appeal from the First District Court, Box Elder County.—*Hon. Chas. H. Hart,* Judge.

Action for personal injuries alleged to have been caused by the negligence of the defendant. From a

---

[1] Rudy v. Railway Co., 8 Utah 165, 30 Pac. 366.

judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*P. L. Williams, Esq.,* and *Geo. H. Smith, Esq.,* for appellant.

The rule is well settled that a trespasser upon a railroad train attempting to obtain a free ride without the consent of the carrier, can not recover for an injury received as a result of negligence.  C. B. & Q. v. Mehlsack, 151 Ill. 61; T. B. & W. R. R. Co. v. Books, 81 Ill. 245; Penn. Ry. Co. v. Price, 96 Pa. St. 256; Ry. Co. v. Meacham, 91 Tenn. 428; Wynn v. City R. R. Co., 91 Ga. 311; Atlanta, etc. R. R. Co. v. Fuller, 92 Ga. 482; Everhart v. T. H. & I. R. R. Co., 78 Ind. 292, 41 Am. Rep. 567.

*J. D. Call, Esq.,* and *L. R. Rogers, Esq.,* for respondent.   *John A. Street, Esq.,* of counsel.

BASKIN, C. J.—It is alleged in the complaint that a brakeman of the defendant, while acting within the scope of his authority, laid hold of, and negligently, carelessly, forcibly, and intentionally ejected, and threw with great force, the plaintiff from a train of the defendant while it was running at a high rate of speed, and that by reason thereof plaintiff was injured.  The answer denies the alleged negligence.  The jury returned a verdict for the plaintiff, and judgment was entered in accordance therewith.  The appeal is from the judgment.

It appears from the evidence that plaintiff, on the day of his injury, for the purpose of beating his way from Deweyville to Brigham City on a passenger train

of the defendant, as the train was moving away from the Deweyville station, got upon the second step of the platform of the rear car. The plaintiff testified as follows: "I was standing on the east side of the platform on the rear coach. The brakeman came out while I was standing there and asked me where I was going. I said, 'To Brigham City,' and he said, 'Have you a ticket?' I said, 'No.' He said, 'You have to get off.' I said, 'All right, stop the train.' He said 'They are going to slack up at slow orders.' He went back into the car. Instead of the train slacking up, she went much faster, and then he came out again and said, 'I told you to get off.' And with that he shoved me off. I was standing on the second step. There are three steps there. I was looking towards the east, and when he was talking to me I turned halfway around, and with that he pushed me over, and I let go with my left hand. . . . This was about a mile and a quarter south of Deweyville station. The train was going fast at the time I was pushed off." Ames, the brakeman, testified: "I asked him [the plaintiff] if he had a ticket or money, and he said 'No.' I then said, 'You will have to get off at the mileboard where we slow down.' I stood at the side door, and he went out against the vestibule door. I went over on the west side to look ahead, and I just turned my head back, and saw him get off feet first. He held on—ran probably six or eight feet. I did not push him. I wasn't within four feet of him. I did not touch him at all." He also testified that at the time the plaintiff left the train it was running 12 or 15 miles an hour. The witness Loveland testified that, in his judgment, the train was running 20 miles an hour. His further testimony tended to corroborate the statement of the brakeman that he did not push the plaintiff from the train.

The third instruction given is as follows: "Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person, under the existing circumstances, would not have done.

The duty is dictated and measured by the exigencies of the occasion. The burden of proving negligence is upon the party alleging it.'' The court, in other instructions in explicit terms, charged the jury that a trespasser upon a railroad train, attempting to obtain a free ride without the consent of the carrier, can not recover for an injury received as the result of mere ordinary negligence; that, as a matter of law, the plaintiff in this case was a trespasser, and therefore the only duty that the railroad owed to him was not to willfully or intentionally or wantonly injure him, ''and, before you can find a verdict for the plaintiff, you must find that he was willfully, wantonly, or intentionally injured by the brakeman, acting at the time for the company, and within the scope of his authority,'' that ''the term 'willfully,' when applied to the intent with which an act is done, implies simply a purpose or willingness to commit the act referred to. It does not require any intent to violate law or injure another.'' The third instruction was the only one excepted to by the defendant, and the ground of that exception is that ''it was not applicable to any issue in the case, was not supported by the testimony, and that the question of mere negligence was not involved.'' The definition of ''negligence'' in that instruction is literally the same as that given by the Supreme Court of the United States in the case of Railroad Co. v. Jones, 95 U. S. 439-441, 24 L. Ed. 506, and is, in substance, the same as that generally given in the decisions of the courts, the law dictionaries and text-books. From the foregoing definition, which is a correct one, it is apparent that negligence, in a legal sense, is either affirmative or negative in character, according to the particular circumstances of each case. The positive and intentional act of pushing the plaintiff from the train while running at great speed, as alleged in the complaint, and as the jury must have, under the instructions of the court, found, was something which a reasonable and prudent person, under the circumstances, would not have done. While it is true that the defendant did not

owe to the plaintiff, as he was a trespasser, any affirmative duties, and had the right to put him off the train, and use force for that purpose, had it been necessary, yet it is also true that the defendant, in exercising that right owed to the plaintiff a civil duty, viz., to refrain from using any unnecessary means calculated to injure the plaintiff. Therefore the expulsion of the plaintiff in the manner alleged in the complaint was such negli-· gence as, under the well-settled law upon the subject, constituted a cause of action for the injuries resulting therefrom, notwithstanding the fact that the plaintiff was a trespasser. A trespasser is not required to allege or prove that the injury complained of was either willfully, wantonly, or intentionally inflicted, except when he seeks to recover exemplary damages. When he does not, he may recover for his injury upon alleging and proving that it was caused by the use of such unnecesary and dangerous means as a reasonable and prudent person, under the circumstances, would not have employed.

In 3 Thompson, Comm. on Law of Neg., section 3253, it is aptly stated that, "Although the carrier may have the lawful right to expel the passenger or trespasser at the particular time and place, yet if, in effecting the expulsion, his servants use more force than is reasonably necessary, the carrier will be liable in damages, not for the expulsion, but for the use of the excessive force. The true rule on this subject is that, in making an expulsion of a person not entitled to ride on the vehicle, the carrier, through his servants, is bound to exercise ordinary or reasonable care, to the end of avoiding unnecessary injury to the person expelled, and that for an injury which arises from a failure to use this measure of care the carrier will be liable in damages. This follows from a principle already considered, which is that, even in the case of a trespasser upon the vehicle of the carrier, he will be liable for the failure to exercise ordinary care in a matter special to such trespasser." This text is supported by numerous

cases, among which are Rudy v. Railway Co., 8 Utah 165-170, 30 Pac. 366; Brown v. C., R. I. & P. Ry. Co., 51 Iowa 235, 1 N. W. 487; Rowell v. Railroad Co., 68 N. H. 358, 44 Atl. 488; Amato v. Sixth Ave. Ry. Co. (Com. Pl.), 29 N. Y. Supp. 51; Coleman v. N. Y., etc., Ry. Co., 106 Mass. 160; Haman v. Omaha Horse Ry. Co., 35 Neb. 74, 52 N. W. 830; West Jersey Seashore Ry. Co. v. Welsh, 62 N. J. Law 655, 42 Atl. 736, 72 Am. St. Rep. 659. In the case of Rudy v. Railway Company, 8 Utah 170, 171, 30 Pac. 366, 368, after quoting the following from the opinion in Brown v. Railway Co., 51 Iowa 235, 1 N. W. 487: "In exercising the right of ejection, reasonable and ordinary care should be employed. The rules of law, as well as the dictates of humanity, require that the ejection shall occur at such place and be conducted in such manner as not unreasonably to expose the party to danger"—the court said: "We think these observations are eminently just and correct in any case where there is not shown to be a statute requiring that passengers can be ejected only at a regular station or stopping place." In the opinion in Rowell v. Railway Co., 68 N. H. 359, 44 Atl. 488, it is said: "If the plaintiff, when the conductor attempted to eject him from the freight car, was there without right, and was a trespasser, yet he had a right to have the case submitted to a jury, if there was any evidence from which it was competent for them to find that the act of the defendant's servant in ejecting or attempting to eject the plaintiff from the car was within the scope of the servant's employment, and that he ejected or attempted to eject the plaintiff without giving him sufficient opportunity to leave the car, or if, in so doing, more force was used than was necessary. The master is responsible for the acts of the servant while engaged in his master's work, which are done as a means and for the purpose of performing that work; and this is so whether the wrong is done by the servant's performing his master's business in a negligent manner, or by a

wanton or reckless purpose to accomplish it in an unlawful manner.'' In *Amato v. Sixth Ave. Ry. Co.* (Com. Pl.), 29 N. Y. Supp. 52, it is said: ''We assume that in boarding the defendant's car, not intending to become a passenger, the plaintiff, for the time being, was a trespasser. That fact, however, did not lawfully expose him to ejectment by unusual means or excessive force, nor license the defendant or its servants unnecessarily to inflict upon him bodily injury. *Filkins v. People*, 69 N. Y. 101, 25 Am. Rep. 143; *Kiff v. Youmans*, 86 N. Y. 324, 40 Am. Rep. 543; *Loomis v. Terry*, 17 Wend. 496, 31 Am. Dec. 306. And whether or not the force used was excessive, or the means resorted to for the plaintiff's expulsion were unusually dangerous and menacing to life or limb, was, in view of all the circumstances, a question of fact for the jury. Cooley, Torts, (2d Ed.), p. 194 et seq. Defendant may lawfully prevent access by a trespasser to its cars, and, if access has been gained, it may lawfully expel the trespasser, using for that purpose only necessary force, in view of all the circumstances, and resorting to no means which unnecessarily menace the life or limb of the trespasser.''

As the acts put in issue by the pleadings in the case at bar, and testified to by the plaintiff, were unnecessary and such as would not have been performed, under the circumstances disclosed, by a reasonable and prudent person, the instruction complained of was pertinent to the material issue in the case, and an ample basis for it was furnished by the evidence. The instructions, taken together, were much more favorable to the defendant than was warranted in the case, and the defendant has no grounds of complaint in respect to them, or either of them.

The appellant also contends ''that the evidence was insufficient to justify the verdict and decision.'' It does not appear from the bill of exceptions that any exception whatever upon the ground of the insufficiency of the evidence to justify the verdict was taken

by the defendant. This being so, the question can not be considered on appeal.

It is ordered that the judgment be affirmed, with costs.

McCARTY, J., concurs.    BARTCH, J., concurs in result.