Hillsborough,
June 3, 1913.

WILFRID PATENAUDE v. BOSTON & MAINE RAILROAD.

A railroad company is not liable to a trespasser for injuries caused by a crossing
tender's attempt to remove him from a passing train, in the absence of evidence
that its servant acted within the scope of his employment, or that his conduct
ought reasonably to have been anticipated.

CASE, for personal injuries. Trial by jury. Transferred from
the September term, 1912, of the superior court by *Chamberlin*, J.,
on the plaintiff's exception to an order of nonsuit.

The plaintiff was injured while stealing a ride on a freight train
in the defendants' yard at Nashua. A brakeman saw him hanging
to the side of a box car at Stevens avenue, told him to get off, and
threw coal at him when he failed to comply with the order. The
crossing tender at Everett street saw what was going on and as-
saulted the plaintiff so fiercely that he was compelled to get in
between the cars, or jump from the train, which was moving so fast
as to make the latter course unsafe. In trying to climb in between
the cars the plaintiff fell and was injured. He testified that the
action of the crossing tender caused his injury.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Hamblett & Spring* (*Mr. Hamblett* orally), for the defendants.

YOUNG, J. Since the act of the crossing tender caused the plain-
tiff's injury, the test to determine whether the court erred in taking
the case from the jury is to inquire whether it can be found that
the crossing tender was employed to remove trespassers from pass-
ing freight trains or to assist in removing them. *Turley* v. *Railroad*,
70 N. H. 348. There is no evidence either as to what this crossing
tender was employed to do, or as to what crossing tenders are ordi-
narily employed to do; and it is not common knowledge that it is
a part of their ordinary duty to assist in removing trespassers from
passing freight trains.

The plaintiff contends that it was the defendants' duty to do
whatever was reasonably necessary to protect him from injury, if
they ought to have anticipated the action of the crossing tender in
case the plaintiff attempted to steal a ride on one of their freight
trains. If it is conceded that railroads owe trespassers that duty,

there is more than one answer to this action. One is that it cannot be found that the defendants either knew or ought to have known that their crossing tender (or, for that matter, any of their servants) might assault the plaintiff. The only evidence relevant to that issue is the testimony of the plaintiff and his brother. They testified that they had been familiar with this part of the defendants' road for a long time, that they and others had been accustomed to ride on freight trains in the way the plaintiff was doing when he was injured, and that they never had known of any one objecting to it. This testimony tends rather to the conclusion that the defendants permitted such riding, than that they ought to have anticipated that their servants would assault the plaintiff for engaging in it.

*Exception overruled.*

All concurred.