Rockingham, }
Nov. 6, 1923. }

## EDWARD WEIR *v.* JAMES E. WATKINS.

A master is not liable for a battery inflicted by his servant upon a stranger or
· a co-employee, if the wrongdoer at the time of the wrong was not acting
within the scope of his employment.
Authority given an employee to supervise work confers no implied authority to
use physical force to chastise a co-employee.

ASSAULT AND BATTERY, upon an employee by the defendant's son,
who was also in the employ of the defendant.

Trial by jury and verdict for the plaintiff. The defendant's
motions for a nonsuit and directed verdict were denied by *Allen*, J.,
subject to exceptions.

The facts sufficiently appear in the opinion.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Hughes & Doe* and *Stewart E. Rowe* (*Mr. Doe* orally), for the
defendant.

PLUMMER, J. The defendant, who was a contractor engaged in
building a road at East Kingston, employed the plaintiff to drive a
team and to assist in loading and unloading his cart. The plaintiff's
evidence tended to prove that the work was in charge of the defend-
ant's two sons, John and Thomas. John was in charge of running
the stone crusher and of the work about it. Thomas was in charge
of the work at the gravel pit,. and also at the places from which the
stones were taken.

On the day of the assault the plaintiff was engaged in hauling
stones from across the road to the stone crusher. There was a
shortage of stones for the crusher, and John went across the road
where the plaintiff was loading stones to hasten the work, and in
an altercation with the plaintiff, about the lifting of a big stone
which the plaintiff said he could not do, John brutally beat and
kicked him. "In this state the test to determine whether a master
is liable to a stranger for the consequences of his servant's mis-
conduct is to inquire whether the latter was doing what he was
employed to do at the time he caused the injury complained of.
If he was, the fact that he was not doing it in the way expected
is immaterial. *Rowell* v. *Railroad*, 68 N. H. 358. But if at the

time he did the act which caused the injury he was not acting within the scope of his employment, the master is not liable." *Danforth* v. *Fisher*, 75 N. H. 111; *Dearborn* v. *Fuller*, 79 N. H. 217; *Cordner* v. *Railroad*, 72 N. H. 413. "The same principle is applicable when the assaulted party is a co-employee and not what is termed a stranger, or third party." *Richard* v. *Company*, 79 N. H. 380, 382.

It cannot be found that the defendant's son was doing what he was employed to do or acting within the scope of his employment when he assaulted the plaintiff. There is no evidence in the case that would warrant a finding that John was authorized in any way to chastise the plaintiff, or that chastisement had ever before been inflicted upon the employees of the defendant by his supervising employees, or that in the prosecution of such work it is customary to commit acts of personal violence upon employees in seeking to expedite the work. In short, the evidence discloses no authority from the defendant, either express or implied, for the exercise of physical force upon the plaintiff. Neither was there any evidence produced or reason suggested why he should have apprehended such an occurrence. There are certain classes of business where an employee has implied authority to exercise reasonable force to perform the duties of his employment, such as a railroad conductor in removing a trespasser or disorderly person from his train. But in the work of constructing a road there is no reason why a supervising employee should have implied authority to use physical force in chastising employees. "In most kinds of business authority to commit acts of personal violence amounting to a battery can not be inferred, for this reason, if for no other, that larger powers can not be imputed to an agent than the principal himself possesses. A master, therefore, can not ordinarily be held liable for the act of a supervising employee in beating a subordinate, even though it was for the purpose of furthering the master's business by compelling him to work." *Medlin Milling Company* v. *Boutwell*, 104 Texas 87; Labatt, Master & Servant (1st *ed.*), Vol. 2, *s.* 537.

The plaintiff relies upon *Richard* v. *Company, supra*, to support his contention. That case, however, is clearly distinguishable from the instant case. There the complaint was that one Smith, who had charge of the room in which the plaintiff worked, pushed or threw her against a roping box. Smith at the time was attempting to enforce a rule of the company that the operatives should stay in the room or by their work until the whistle blew. The plaintiff

did not understand the English language, the only language Smith could speak, so that he could not verbally demand of the plaintiff a compliance with the rule, and, as the court in the opinion said, "he was obliged to resort to some other means of informing her of his request, as for instance by putting his hand upon her and leading or pushing her back to the position she had wrongfully left." Under such circumstances it was held that it might reasonably be found that the use of some degree of physical force was authorized by the defendant. But in this case the situation is such that it cannot be found that the use of physical force was authorized, either expressly or by implication.

An examination of the evidence leads to the conclusion that it must be found that the infliction of bodily injury upon the plaintiff was caused by the anger and. passion of the supervising employee, rather than from a purpose on his part to promote the work of the defendant. "The master is responsible for the acts of the servant while engaged in his master's work, which are done as a means and for the purpose of performing that work; and this is so, whether the wrong is done by the servant's performing his master's business in a negligent manner, or by a wanton or reckless purpose to accomplish it in an unlawful manner. When, however, the servant, for his own purpose, does a wrong without the direction or authority of the master and not for the purpose of executing his orders or doing his work, the master is not liable." *Rowell* v. *Railroad, supra; Turley* v. *Railroad,* 70 N. H. 348; *Wilson* v. *Peverly,* 2 N. H. 548.

*Exceptions sustained: verdict and judgment for the defendant.*

All concurred.