Hillsborough, }
Oct. 6, 1931. {

### ALFRED MORIN *v.* PEOPLE'S WET WASH LAUNDRY CO.

*Doyle & Doyle* and *Arthur B. Hayden*, for the plaintiff.

*Irving E. Forbes*, for the defendant.

ALLEN, J. The plaintiff offered evidence that the defendant's manager had instructed its drivers to use forcible methods to the extent of criminal conduct in competing with other laundries to obtain business. The evidence was rightly excluded. It did not appear that the defendant expressly authorized or ratified such instructions so as to make them its own. And the manager had no implied authority to give directions, or even permission, for conduct that anyone would know was wrongful. *Favor* v. *Philbrick*, 7 N. H. 326, 339, 340. "No right can be founded upon a transaction which involves a violation of law" (*Albertson* v. *Shenton*, 78 N. H. 216, 217), and no rights can be predicated upon a relationship so far as it promotes unlawful conduct. *Piper* v. *Railroad*, 75 N. H. 435, 437. While one who engages another to do a wrong for him is liable to the person wronged under the principle that what one does by another he does by himself, the injured party has no redress against him when he has not countenanced the wrong and when the wrong is no part of the servant's employment. If the defendant's manager may be liable for the servant's conduct in pursuance of the directions, yet the directions do not tend to show the defendant's liability. The manager had no more

authority to direct the commission of the wrong than the servant had to commit it. The directions did not help to make the servant's assault an act of service.

In *Weir* v. *Watkins*, 81 N. H. 130, the defendant was held under no liability for an assault upon his servant made by his agent in charge of running a part of his business and while acting in the execution of the business.

The nonsuit was proper. While the servant's conduct took place in the course of his service, it was outside its scope. It is not a case of rendering service in an unlawful manner, but of conduct which was no part of the service. The defendant owed no duty to protect the plaintiff from conduct of its servants not incidental to their service. *Searle* v. *Parke*, 68 N. H. 311; *Dearborn* v. *Fuller*, 79 N. H. 217; *Weir* v. *Watkins*, *supra*; *Castonguay* v. *Company*, 83 N. H. 1. It was the servant's own affair so far as the defendant is concerned, although his motive may have been to help his master's cause. The defendant is no more liable than if the servant on his own account had burned the plaintiff's place of business to eliminate competition.

The result is consistent with the cases of *Rowell* v. *Railroad*, 68 N. H. 358, and *Richard* v. *Company*, 79 N. H. 380. In them the nature of the servants' employment called for the use of lawful force and the employers were liable for its improper or excessive use. Here the employment implied no measures of force in the form of aggression. If the master may be liable for the servant's undue use of force in protecting the master's property, this is not a case of that kind.

*Judgment for the defendant.*

All concurred.