Parker v. City of Nashua          CV-91-407-SD  02/23/95

UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Sharon L. Parker


     v.                                        Civil No. 91-407-SD


City of Nashua, NH, et al


                        O R D E R


     By medium of a letter from plaintiff's counsel, the court

has been advised that the appeal in this matter has been held in

abeyance pending resolution by this court of certain motions

which were filed post appeal.  Apparently, the court of appeals

granted a joint motion for such stay of its proceedings under

date of May 9, 1994.  This court has never been favored with a

copy of the order of the court of appeals.

     In any event, having now been apprised of the status of the

proceedings, the court considers the issues raised by the post-

appeal motions.[1]

---

     [1]Plaintiff has moved for a hearing on the motions at issue
(document 98).  The court denies the motion, finding that the
documents on file are sufficient for it to rule on the issues
presented by the motion.

## 1. Plaintiff's Motion to Amend Judgment, document 74

Plaintiff seeks the dual relief of (1) amendment of the judgment to include a jury finding as against the defendant Nashua Police Department and (2) inclusion of an award for fees, costs, and prejudgment interest. This portion of the court's order addresses only the first of these claims for relief.

With respect to extending liability to the Nashua Police Department, plaintiff argues that, as the defendant Francis Sheehan "was clearly acting in the scope of his employment," document 74 at 1, his acts of violence directed against the person of plaintiff must necessarily be attributed to his employer, defendant Nashua Police Department. This argument not only overlooks the well-established rule that assaults by the servant are not necessarily incidental to their service to the master, Morin v. People's Wet Wash Laundry Co., 85 N.H. 233, 156 A. 499 (1931), but, as defendants correctly point out, it contradicts the express finding by the jury that the Nashua Police Department was not at fault for Sheehan's actions.

As it is equally well established that a motion to alter or amend judgment may not be granted when the result would subvert the actual intention of the jury, Midwest Precision Servs. v. PTM Indus., 887 F.2d 1128, 1140 (1st Cir. 1989); Robinson v. Watts Detective Agency, 685 F.2d 729, 742 (1st Cir.), cert. denied, 459

2

U.S. 1105 (1982), plaintiff's motion to alter or amend the judgment insofar as it seeks to extend liability to the Nashua Police Department must be and it is herewith denied.

2. The Motions for Attorneys' Fees, Costs, and Interest, documents 75, 76, 78

Plaintiff seeks, pursuant to 42 U.S.C. § 1988,[2] fees, costs, and interest related to the trial, document 75, together with additional compensation relating to preparation of the request for fees itself, document 85. Defendant Francis Sheehan objects. Documents 80, 86.

Plaintiff is clearly a "prevailing party" within the parameters of the statute, having succeeded on a significant issue in the litigation and thus achieving some of the benefits she sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). However, "'the most critical factor'" in determining the reasonableness of a fee award "'is the degree of success obtained.'" Farrar v. Hobby, ___ U.S. ___, ___, 113 S. Ct. 566, 574 (1992) (citing and quoting Hensley, supra, 461 U.S. at 436).

Defendant's initial challenge to plaintiff's computation of

---

[2]In relevant part, the Civil Rights Attorneys' Fees Award Act, 42 U.S.C. § 1988, provides that in certain civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs."

a proposed award is grounded on defendant's claims that plaintiff met with only limited success in the litigation. He points to the failure of claims for enhanced and punitive damages, for loss of consortium, for <u>Monell</u> actions against the City of Nashua and its police department, for breach of a duty of a police officer to aid a citizen, for failure of assault and battery claims under state law against four of the five police officers sued, and for all claims of plaintiff's spouse, Charles Parker. The civil rights and state-law verdicts against defendant Sheehan alone equate, says that defendant, with only "partial or limited" success. Defendant therefore argues that any fees award should be discounted accordingly.

Plaintiff's position is that all claims herein involved a common core of facts and are based on related legal theories, thus entitling her to a fees award for all time spent on her claims. Review of the plaintiff's supporting documentation demonstrates that it is incapable of parsing to determine what effort was directed to what specific claim. Where, however, successful and unsuccessful claims are closely related, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success." <u>Hensley</u>, <u>supra</u>, 461 U.S. at 436-37; <u>Phetosomphone v. Allison Reed Group, Inc.</u>, 984 F.2d 4, 7 (1st

4

Cir. 1993).

Defendant also challenges the hourly rates claimed by plaintiff's counsel.  On review of these figures and the affidavit in support thereof, the court rejects this challenge and accepts the hourly rate as claimed.  As above indicated, however, a reduction will be made in the hours claimed to account for the plaintiff's limited success.

The first temporal period for which recovery is sought concerns preparation for and trial of this case.  It commences February 13, 1991, and concludes February 11, 1994.  Attorney fees claimed are for Attorney Murphy, 393.3 hours at $150, or $59,025;[3] for Attorney Keefe, 213.7 hours at $150, or $32,055; and for Attorney Johnston, 48.1 hours at $90, or $4,329.  In addition, plaintiff claims the right to recover for the services of a dizzying array of paralegals, all of whom charged the identical rate of $55 an hour.  Identified only by their initials, the charges for these paralegals are listed as MM 202.8 hours; JES 31.5 hours; RR 5.1 hours; BB 3.5 hours; PB 2.6 hours; MCC 1.3 hours; and EFL .9 hours.

It is clear that "'the time for two or three lawyers in a courtroom or conference, when one would do, may obviously be

_____

[3]Plaintiff's motion, document 75, computes this amount at $58,995, but the correct amount is $59,025.

5

discounted.'" <u>Lipsett v. Blanco</u>, 975 F.2d 934, 938 (1st Cir. 1992) (quoting <u>Hart v. Bourque</u>, 798 F.2d 519, 523 (1st Cir. 1986)).

And while "the efficient use of paralegals is, by now, an accepted cost saving device," <u>id.</u> at 939, the "court has broad discretion to determine 'how much was done, who did it, and how effectively the result was accomplished.'" <u>Id.</u> (quoting <u>Wagenmann v. Adams</u>, 829 F.2d 196, 224 (1st Cir. 1987)).

Thus viewed, the court has deducted charges made for numerous conferences between and among counsel and their paralegals and for repeated reviews of documents by counsel and paralegals, all of which demonstrate the existence of overstaffing of this litigation. The court's review of each line items results in reduction of the claimed charges to the following allowable awards:

Attorney Murphy    352.2   hours at $150 = $ 52,830.00[4]

Attorney Keefe     139.7   hours at $150 =    20,955.00[5]

---

[4]The total of 41.1 hours deducted from the hours claimed by Attorney Murphy include on 8/7/91 .2 hours; on 8/15/91 .1 hours; on 5/4/92 .2 hours; on 5/5/92 .2 hours; on 5/6/92 .75 hours; on 11/29/93 .5 hours; on 12/1/93 1.5 hours; on 12/2/93 2 hours; on 12/9/93 1 hour; on 12/21/93 .15 hours; on 12/28/93 .5 hours; on 1/3/94 2 hours; on 1/19/94 4 hours; on 1/20/94 5 hours; on 1/21/94 1 hour; on 1/23/94 3 hours; on 1/24/94 4 hours; on 1/25/94 3 hours; on 1/26/94 3 hours; and on 1/30/94 2 hours.

[5]The 74-hour reduction from the claimed total hours of Attorney Keefe include on 8/17/92 .75 hours; on 1/13/94 1 hour;

Attorney Johnston   24.85 hours at $ 90 = __2,236.50__[6]

   Total                                  $ 76,021.50.

With respect to the paralegals, the court has reduced the claimed hours of MM from 202.8 to 94.78, which results in a total award of $5,212.90; the hours of BB from 3.5 to 1.2, for a total award of $66; the hours of JES from 31.5 to 15.1, for a total award of $830.50; the hours of EFL from .9 to .8 for an award of $44; the hours of RR from 5.1 to 1.6, for an award of $88; and the hours of MCC from 1.3 to .7 for an award of $38.50.  The total for the paralegals is therefore the sum of $6,279.90.

The second temporal period for which plaintiff claims recovery concerns preparation of her fees application, and runs from February 4, 1994, to March 13, 1994.  The fees claimed for Attorney Murphy are 7.2 hours at $150, or $1,080; for Attorney Keefe 1.3 hours at $150, or $195; for Attorney Johnston 16.8

---

on 1/14/94 1 hour; on 1/5/94 1 hour; on 1/6/94 1.5 hours; on 1/7/94 1.5 hours; on 1/8/94 1 hour; on 1/9/94 2 hours; on 1/10/94 1.5 hours; on 1/11/94 1 hour; on 1/12/94 2 hours; on 1/13/94 4 hours; on 1/14/94 .5 hours; on 1/15/94 3.5 hours; on 1/16/94 3.5 hours; on 1/17/94 6.25 hours; on 1/18/94 2 hours; on 1/19/94 6 hours; on 1/20/94 7 hours; on 1/22/94 2.5 hours; on 1/23/94 2 hours; on 1/24/94 7 hours; on 1/25/94 3 hours; on 1/26/94 3 hours; on 1/27/94 1 hour; on 1/28/94 1 hour; on 1/29/94 2.5 hours; and on 1/30/94 4 hours.

   [6]The 23.25 hours deducted from the claimed total of Attorney Johnson include on 1/11/94 2 hours; on 1/12/94 2 hours; on 1/13/94 2.25 hours; on 1/14/94 3 hours; on 1/15/94 3.25 hours; on 1/17/94 3.5 hours; on 1/19/94 .5 hours; on 1/21/94 2 hours; on 1/23/94 1.25 hours; and on 1/27/94 1.5 hours.

hours at $90 or $1,512; and for paralegal RR .1 hour at $55, or $5.50. Review of the line items purportedly supporting this supplemental claim of fees requires the court to reduce Attorney Murphy's claimed hours of 1.7 hours,[7] Attorney Keefe's claimed hours by .4 hours,[8] and Attorney Johnston's claimed hours by 5.5 hours.[9]

Accordingly, the amount awarded in fees to the three attorneys and paralegal RR is as follows:

| | | |
|---|---|---|
| Attorney Murphy | 5.5 hours at $150 = | $ 825.00 |
| Attorney Keefe | .9 hours at $150 = | 135.00 |
| Attorney Johnston | 11.3 hours at $ 90 = | 1,017.00 |
| Paralegal RR | .1 hours at $ 55 = | 5.50 |
| Total | | $1,982.50. |

Whatever the current status of the law is as to enhancement of the basic lodestar of damages in a civil rights litigation, the court finds that this is not a case where the lodestar as hereinabove reduced should be increased for any reason.

---

[7]The 1.7-hour reduction for Attorney Murphy includes 2/4/94 .2 hours; 2/7/94 .2 hours; 2/8/94 .3 hours; 2/24/94 .3 hours; 3/1/94 .3 hours; 3/4/94 .2 hours; and 3/7/94 .2 hours.

[8]The reduction in claimed hours for Attorney Keefe includes 2/4/94 .1 hours; 2/7/94 .1 hours; 3/1/94 .2 hours.

[9]The reduction in hours claimed by Attorney Johnston include 2/8/94 1 hour; 2/11/94 2 hours; 2/14/94 1 hour; 2/15/94 .5 hours; 2/16/94 1 hour.

Plaintiff also claims entitlement to prejudgment interest. She computes her claimed prejudgment interest on a principal sum of $208,000, at the state-law rate of 10 percent. New Hampshire Revised Statutes Annotated (RSA) 336:1.[10] Prejudgment interest is sought from the date of the complaint, September 16, 1991, to the date of judgment, February 2, 1994, a period of 869 days. The total claimed, computed on $208,000, is the sum of $49,524.31.

Defendant Sheehan correctly points out, however, that prejudgment interest, if any, should be computed on the basis only of the sum of $104,000, which is the amount of the state-law verdict entered against Sheehan. This is so because a plaintiff may not receive an award based on federal and state law which equates with double recovery, Freeman v. Package Machinery Co., 865 F.2d 1331, 1343-45 (1st Cir. 1988), but she is not required to choose only one body of law under which all damages will be paid. Foley v. City of Lowell, 948 F.2d 10, 17 (1st Cir. 1991). See Data General v. Grumann Systems Support, 36 F.3d 1147, 1178 (1st Cir. 1994) (collecting cases).

Accordingly, the correct amount of prejudgment interest, computed on the sum of $104,000, equals $24,757.81. Post-

_____

[10]In relevant part, RSA 336:1 provides, "The annual rate of interest on judgments . . . shall equal 10 percent."

judgment interest is, of course, to be calculated pursuant to the statutory provisions of 28 U.S.C. § 1961. <u>Foley</u>, <u>supra</u>, 948 F.2d at 22.

Turning to the items of "costs," for which plaintiff seeks the total sum of $12,483.36, examination of same demonstrates that not all of these so-called cost items fall within the statutory parameters of 28 U.S.C. §§ 1920 and 1821(b). <u>West Virginia Univ. Hosps., Inc. v. Casey</u>, 499 U.S. 83, 87 n.3 (1991).

Under 28 U.S.C. § 1920(2), the court may tax the costs only of those depositions which were introduced in evidence and used at trial. <u>Templeman v. Chris-Craft Corp.</u>, 770 F.2d 245, 249 (1st Cir.), <u>cert. denied</u>, 474 U.S. 1021 (1985). A reduction of $3,301.25 is accordingly required with respect to the item of deposition costs.[11] Accordingly, the deposition cost item is reduced to $3,899.10.

The miscellaneous cost items of $1,365.49 are reduced by the sum of $598.96.[12] This reduces the total of the miscellaneous

---

[11]The depositions for which costs may not be awarded in this litigation are those of the witnesses Dickerson, $520.70; Monier $580; Lima, Sheehan, and Cassidy $1,220.75; Lavoie $258; Bracket $343.80; and Gagnon $376.

[12]The items struck from the miscellaneous expense itemization include the charge of Tufts University School of Dental Medicine $350 (this item was not in this case when it went to the jury); charges for legal source materials which are presumably retained in the library of counsel for future litigation and include New Hampshire Law Library invoice $7.80;

expense items recoverable as costs to $766.53.

With respect to the items of travel, claimed total for which is $616.59, those items otherwise unconnected to or unidentified for the travel of Eileen Jodoin, Eileen Berry, and Charlene Goff totaling $57.62,[13] are deducted, leaving a balance of $538.97 properly chargeable for the travel costs.

The claim of $655.88 for computerized legal research is rejected in full. Legal research is properly an item to be considered in an award of attorney's fees, and is not properly to be considered as a "cost" item. Haroco v. American Nat'l Bank & Trust of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 1994). The court also finds that the $350 mediation fee is not a proper cost item and cannot be recoverable by the plaintiff herein.

Recomputed accordingly, the recoverable costs in this matter are as follows:

| | |
|---|---|
| Fees of the Clerk | $ 120.00 |
| Fees of the Court Reporter | 295.00 |

---

Matthew Bender invoice $29.20; Clark, Boardman, Callaghan invoice $90.53; and another Matthew Bender invoice $87.60. Finally, the court disallows the fees or payment of some meal at the 99 Restaurant in Nashua, New Hampshire, in the amount of $33.86.

[13]Excluded are the travel items of 11/20/91 for Jodoin in the amount of $4.00; 11/17/92 for Berry in the amount of $4.15; 10/22/93 for Goff $10.98; 11/15/93 for Goff $8.34; 12/13/93 for Berry $5.25; 1/14/94 for Goff $13.65; and another trip on that date for Goff in the amount of $11.25.

Fees and disbursements for printing of exhibits 527.29

Witness fees                                             259.00

Copies of papers-medical records                       1,093.76

Costs incident to taking of depositions                3,899.10

Other costs-miscellaneous                                766.53

Travel                                                  _538.97_

    Total                                        $7,499.65.

As hereinabove computed in this part of the order, the court has entered its award of attorney fees, costs, and prejudgment interest to the plaintiff.

3.  Conclusion

As hereinabove indicated, the court has denied in part and granted in part the motion of the plaintiff which seeks to alter or amend the judgment herein.  As recomputed and awarded by this court, the attorney fees, including paralegals, are in the amount of $82,301.40 for services attendant on the preparation and trial of this litigation; and $1,982.50 for services rendered in preparation of the attorney's fees petition.  Prejudgment

interest in the amount of $24,757.87 is also awarded, and costs are recomputed and awarded in the amount of $7,479.65.[14]

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 23, 1995

cc:   Francis G. Murphy, Jr., Esq.
      Robert E. McDaniel, Esq.

---

[14]In the course of their dispute over the issue of fees, plaintiff's counsel, when defendant's counsel objected, filed a motion for production of the time and billing records of defense counsel.  Document 82.  Defense counsel promptly objected. Document 84.  The motion is herewith denied.

13