**Beverly BAJKOWSKI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 91–19–CIV–3–BR.**

United States District Court, E.D. North Carolina, Fayetteville Division.

Dec. 13, 1991.

Michael C. Boose, Boose & McSwaim, Fayetteville, N.C., for plaintiff.

Paul M. Newby, Asst. U.S. Atty., Raleigh, N.C., for defendant.

## ORDER

BRITT, District Judge.

This matter is before the court on defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is now ripe for ruling.

### I. *Facts*

Plaintiff is a private citizen who resides in close proximity to the military base at Fort Bragg, North Carolina. She alleges in her complaint that on 6 June 1988, Volney Ikea Stone, III, while employed with the United States Army, brutally beat, stabbed, and assaulted her. She further alleges that in 1981 Stone had been the subject of a military police report indicating that he had been convicted of an assault and sentenced at Fort Campbell, Kentucky. In 1982 he was convicted three times for various offenses including forgery, larceny, burglary, wrongful destruction of personal property, and unlawful entry. He was also the subject of a military police report in Fort Monroe, Virginia involving a 1985 assault, but the disposition of this case is unknown. Plaintiff also alleges that in 1985 Stone falsified his reenlistment papers to indicate that he had never been arrested or charged with a crime.

Despite his prior record and falsified papers, Stone was hired for re-enlistment in the Army on 23 August 1985. In 1987, Stone was cited in a military police report for larceny. No administrative action was taken to seek his suspension or termination from the Army. In May of 1988, Stone was arrested for first-degree rape, first-degree sexual offense, felony breaking and entering, and felony larceny. He was released on pre-trial release conditions on 18 May 1988—three weeks prior to his assault on plaintiff. The Army took no administrative action to seek his suspension or termination.

### II. *Discussion*

Defendant has moved to dismiss plaintiff's complaint for "failure to state a claim on which relief can be granted[.]" Fed.R.Civ.P. 12(b)(6). In ruling on such a motion, the court must presume that all factual allegations of the complaint are true and must give the plaintiff the benefit of all inferences which reasonably can be drawn from the complaint. *Miree v. De Kalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). A motion to dismiss for failure to state a claim should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." · *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Plaintiff has brought this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq.* Section 2680(h) of the Act provides that federal courts will not have jurisdiction to resolve "[a]ny claim arising out of assault [or] battery." *Id.* § 2680(h). Plaintiff argues that she is not attempting to recover from the government for the assault and battery via a respondeat superior theory. She argues instead that she seeks recovery for the Army's independent negligence in reenlisting, retaining, and supervising of Stone.

The question on which this lawsuit hinges, therefore, is whether a claim for negligent hiring, retention, and supervision of a government employee who commits an assault falls within the assault-and-battery exception of the FTCA. The answer can be located in a case that arose in the Fourth Circuit, *Sheridan v. United States*, 823 F.2d 820 (4th Cir.1987), *rev'd*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988).

The facts of *Sheridan* were essentially as follows: After finishing his shift as a medical aide at Bathesda Naval Hospital, Robert W. Carr, a Navy serviceman, went back to his quarters and consumed alcoholic beverages until he was extremely intoxicated. He then packed up a rifle and some ammunition and left his quarters. Later that evening, three naval corpsmen found Carr lying face down in a drunken stupor on the floor of a hospital. When they tried to take him to the emergency room, Carr displayed the rifle, thereby causing the corpsmen to flee. The corpsmen did not inform the appropriate authorities about

what they had seen. Soon thereafter, Carr fired several shots into an automobile driven by plaintiffs, causing physical injury to one of them and damage to their car. 487 U.S. at 395, 108 S.Ct. at 2452.

Plaintiffs' suit alleged that Navy personnel negligently failed to prevent Carr from discharging his weapon. The district court dismissed the complaint. The Fourth Circuit affirmed in a split decision. The majority relied on prior Fourth Circuit precedent[1] to hold that "§ 2680(h) bars actions alleging negligence of the supervising employees when the underlying tort is an assault or battery by a government employee." 823 F.2d at 823.

Judge Winter's dissent attempted to draw a distinction between prior Fourth Circuit cases and the instant one:

> Where, as here, the circumstances of a case are such that the government's negligence would render the United States liable if the assailant were not a federal employee, the fact that the assailant just happens to be federally employed should not be permitted to immunize the United States from suit. The test to be applied is straightforward: would the government be liable if the assailant was not a government employee? If yes, § 2680 is not applicable.

*Id.* at 825 (Winter, C.J., dissenting). Under Judge Winter's approach, jurisdiction will lie in an assault-and-battery case "only where government liability is premised on something *other than* the employment relationship." *Id.* at 826 (Winter, C.J., dissenting) (emphasis in original). Judge Winter reasoned that "had it been a private citizen who the three corpsmen found wandering drunk and brandishing a rifle, the government's liability would be unquestioned." *Id.*

The Supreme Court reversed, essentially adopting Judge Winter's dissent: "[I]n a case in which the employment status of the

assailant has nothing to do with the basis for imposing liability on the Government, it would seem perverse to exonerate the Government because of the happenstance that Carr was on a federal payroll." 487 U.S. at 402, 108 S.Ct. at 2456 (footnote omitted). The Court left open the question "whether negligent hiring, negligent supervision, or negligent training may ever provide the basis for liability under the FTCA for a foreseeable assault or battery by a Government employee." *Id.* at 403 n. 8, 108 S.Ct. at 2456 n. 8.

■ Plaintiff argues that this gratuitous footnote wiped clean the slate on which the Fourth Circuit had previously etched its rule forbidding negligent hiring and supervision theories to overcome the assault-and-battery exception. The court rejects this argument. In *Sheridan,* both the majority and dissenting Fourth Circuit opinions expressed the view that "§ 2680(h) bars actions alleging negligence of the supervising employees when the underlying tort is assault or battery by a government employee." 823 F.2d at 823; *see id.* at 825 (Winter, C.J., dissenting). The Supreme Court merely adopted Judge Winter's reasoning in holding that the employment status of the assailant should not be the decisive factor in determining whether the government should be liable for its negligence. The Court did not, however, challenge the language in either opinion that negligent supervision claims fall within the assault-and-battery exception. As such, that component of *Sheridan* is still good law and is binding on this court.[2]

■ Since the Supreme Court essentially adopted Judge Winter's dissenting opinion, it is appropriate to apply his test to the facts alleged in plaintiff's complaint: "would the government be liable if the assailant was not a government employee?" *Id.* at 825 (Winter, C.J., dissenting). The answer is "no." If Stone were not an

**1.** *Thigpen v. United States,* 800 F.2d 393 (4th Cir.1986); *Hughes v. United States,* 662 F.2d 219 (4th Cir.1981).

**2.** Plaintiff cites several cases from other circuits in support of the proposition that negligent hiring and supervision can provide a basis for

relief in an assault case notwithstanding section 2680(h). It is a fundamental principle of jurisprudence that when there is mandatory authority governing a dispute, persuasive authority from other jurisdictions is irrelevant.

employee of the Army, the Army would not have had either the knowledge of his prior criminal and assaultive behavior or a corresponding duty to monitor and supervise him closely enough so that this behavior would not recur. Unlike in *Sheridan,* where the duty of the Navy corpsmen to protect the public from a potential assault by Carr arose from the factual context immediately preceding the assault—and had nothing to do with Carr's employment relationship with the Navy—the duty of the Army in this case arose, if at all, exclusively from its employment relationship with Stone. Therefore, government liability here is not "premised on something *other than* the employment relationship[,]" *Sheridan,* 823 F.2d at 826 (Winter, C.J., dissenting) (emphasis in original), and plaintiff's claim falls squarely within section 2680(h). Consequently, plaintiff's complaint does not state a claim on which relief may be granted.

### III. *Conclusion*

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED, and this action is hereby DISMISSED.