Taylor v. USA                    CV-95-127-M    10/19/95

UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Richard Taylor,
      Plaintiff,

      v.                                    Civil No. 95-127-M

United States of America,
      Defendant.


                              O R D E R


      Plaintiff, Richard Taylor, brings this action against the
United States of America, alleging jurisdiction under the Federal
Tort Claims Act (the "FTCA"), 28 U.S.C. §§1346(b), 2671 et seq.
He claims that the government's negligent supervision of its
military personnel and equipment proximately caused him to
sustain physical and emotional injuries.  He also asserts that
the government is liable to him for intentional infliction of
emotional distress.  The government moves for partial dismissal
of plaintiff's claims, arguing that the court lacks subject
matter jurisdiction.  See Fed.R.Civ.P. 12(b)(1).  For the reasons
set forth below, the government's motion for partial dismissal is
granted.


                         **Standard of Review**

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) challenges the statutory or Constitutional authority of the court to adjudicate a particular case. FDIC v. Pearson, No. 92-174-JD, 1994 U.S. Dist. LEXIS 17735 at *4 (D.N.H. 1994). In determining whether it has jurisdiction, the court will construe the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may also consider evidence outside the pleadings, such as affidavits, without converting a 12(b)(1) motion to dismiss into a motion for summary judgment. Richmond, F. & P. R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984 (1992); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Finally, in the context of a motion to dismiss for lack of subject matter jurisdiction, the court must be "mindful that the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, 987 F.2d 57, 60 (1st Cir.), cert. denied, 114 S.Ct. 82 (1993).

## Background

Construing all reasonable inferences from the facts pled in the complaint in plaintiff's favor, the pertinent facts appear as follows. In 1991, plaintiff was a member of the Cadet Rangers of

2

America ("CRA"), a non-profit corporation organized under the laws of the State of New Hampshire "to develop character, physical fitness, leadership qualities and love of country in our youth." CRA Articles of Agreement. Roland Forest was president of CRA and Keith Morrissette was a member of its board of directors. Forest was also a member of the U.S. Army Selected Reserve. Morrissette was a member of the Individual Ready Reserve, which is comprised of individuals who are "liable for order to active duty to augment the active forces in time of war or national emergency." 32 C.F.R. §76.3(4). See also Kolkhorst v. Tilghman, 897 F.2d 1282, 1283 (4th Cir. 1990), cert. denied, 502 U.S. 1029 (1992); 10 U.S.C. §10144.

On the weekend of August 16, 1991, plaintiff participated in a CRA-sponsored weekend retreat, lead by Morrissette and Forest. One purpose of the retreat was to provide the cadets with mock prisoner of war training. To facilitate that exercise, Morrissette and/or Forest obtained certain equipment from the U.S. Army, including "deuce and 1/2" trucks, M-16 rifles (presumably not capable of firing live rounds), gas masks, and dummy grenades. While it is unclear whether the Army actually authorized Forest or Morrissette to use this equipment, it was the Army's policy to permit nonprofit community groups to use

3

some of its facilities and equipment.  In fact, the CRA had used the U.S. Army Reserve Center in the past as a meeting place to coordinate off-site activities.

The retreat took place at Temple Mountain, at a facility neither owned nor controlled by the Army.  During the course of that weekend, Forest and Morrissette subjected plaintiff to physical and sexual abuse.  Both Morrissette and Forest were subsequently indicted on a variety of felonies and misdemeanors associated with the weekend's events.  Eventually, Morrissette pled guilty to criminal restraint and endangering the welfare of a minor and Forest pled guilty to criminal restraint and simple assault.  Both were sentenced to terms of imprisonment.

Plaintiff asserts that the United States Army is liable for injuries he sustained during (and following) the weekend in question because: (i) Forest and Morrissette were government employees acting within the scope of their employment; (ii) the government permitted the CRA to meet at one of its Reserve Centers and provided the CRA with various military equipment; and (iii) the government breached its duty to provide reasonable supervision of its employees and equipment and, thereby, proximately caused his injuries (Count I).  Plaintiff also claims

4

that the government is liable for intentional infliction of emotional distress (Count II).

## Discussion

I.  The Federal Tort Claims Act.

It is well settled that the United States, as sovereign, is immune from suit except as it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of the sovereign's immunity from suit, Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991), and grants district courts exclusive jurisdiction over:

> civil actions or claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b). Other provisions of the FTCA, however, limit its waiver of sovereign immunity. For example, the government is not liable for "any claim arising out of assault, battery, [or] false imprisonment, . . .." 28 U.S.C. §2680(h).

5

Under the FTCA, the government's liability, if any, for the tortious conduct of its employees is governed by state law. Determination of whether an individual is an employee of the government is, however, a question of federal law. Brooks v. A. R. & S. Enterprises, Inc., 622 F.2d 8, 10 (1st Cir. 1980). The FTCA provides that the phrase "employee of the government" includes:

> members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty . . .

> "Acting within the scope of his office or employment", in the case of a member of the military or naval forces . . . means acting in line of duty.

28 U.S.C. §2671 (emphasis added).

II. Count I - Negligent Supervision.

Count I of the complaint alleges, in part, that the government had a duty to oversee and supervise the conduct of Forest and Morrissette during the weekend retreat and that by breaching that duty, it facilitated the abuse of plaintiff. Plaintiff claims that the government's failure to adequately supervise Forest and Morrissette proximately caused the injuries for which he now seeks compensation.

6

The government responds by claiming that despite his membership in the Individual Ready Reserve ("IRR"), Morrissette was not its employee at any time relevant to this proceeding. Therefore, it asserts that it cannot be held liable for his wrongful conduct. With regard to Forest, the government claims that he was not acting within the scope of his employment when he assaulted plaintiff. Accordingly, it argues that plaintiff's claim does not fit within the limited waiver of sovereign immunity provided by the FTCA.

For purposes of addressing the government's motion to dismiss, the court will assume, without deciding, that both Forest and Morrissette were employees of the government at all times pertinent to this proceeding.[1] The relevant inquiry then becomes whether Forest or Morrissette was "acting in line of duty" when plaintiff was assaulted. 28 U.S.C. §2671. As the court of appeals for this circuit has noted:

_____

[1] Although done in somewhat less than clear terms, plaintiff appears to concede that Morrissette was not a federal employee in August of 1991. Plaintiff's Objection to Motion for Partial Dismissal at ¶4. However, because Morrissette's employment status has no bearing on the outcome on the pending motion, the court need not, at this time, determine whether members of the IRR are federal employees for the purposes of the FTCA.

7

> It is settled that the phrase "acting in line of duty," while having a military sound, and, apparently, a different meaning in connection with benefit claims of military personnel against the government, with respect to the Tort Claims Act merely invokes the state law of respondeat superior.

Merritt v. United States, 332 F.2d 397, 398 (1st Cir. 1964).

The acts forming the basis of plaintiff's complaint occurred in New Hampshire. Accordingly, the court will apply New Hampshire's law of respondeat superior, which provides that "[i]f the act causing the injury is connected with or grows out of the service the servant is doing, the latter is within the scope of his employment and the master is liable." Richard v. Amoskeag Mfg. Co., 79 N.H. 380, 384 (1920). More recently, the New Hampshire Supreme Court adopted section 228 of the Restatement (Second) Agency and noted:

> behavior within the scope of employment must be actuated at least in part by an object to serve the employer, Restatement, supra §228(1)(c), and this view accords with an earlier statement of the New Hampshire rule that the act must have been performed in "furtherance" of the employer's business.

Daigle v. City of Portsmouth, 129 N.H. 561, 580 (1987). Section 228 of the Restatement provides:

> (1) Conduct of a servant is within the scope of employment if, but only if:

8

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master; and

(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond authorized time or space limits, or too little actuated by a purpose to serve the master.

Restatement (Second) Agency §228.

Here, it is plain that neither Forest nor Morrissette was acting within the scope of his employment (if any) by the Army when he assaulted plaintiff. First, leading a retreat sponsored by a private, non-profit youth organization such as the CRA was not the kind of activity for which the government employed Forest and Morrissette. Restatement (Second) Agency, §228(1)(a). Second, the conduct of Forest and Morrissette described in the complaint did not occur "substantially within the authorized time and space limits." Restatement (Second) Agency, §228(1)(b). Neither Forest nor Morrissette was on duty on the weekend in question and their participation in CRA activities was strictly voluntary and was accomplished on their own time. See DeFusco

9

Declaration at 3; Lane Declaration at 5.  Moreover, the assault on plaintiff did not occur on government property, or at a duty station to which either Forest or Morrissette had been assigned, or at a location to which either had been authorized to travel on behalf of the government.  Id.

Third, plaintiff has failed to demonstrate (or even allege) that the conduct of Forest or Morrissette was "actuated, at least in part, by a purpose to serve the [government]."  Restatement (Second) Agency, §288(1)(c).  Because the tortious actions of Forest and Morrissette were "part of non-official, voluntary activities, [they] were not done with an intention to perform as part of or incident to services on account of which the members of the military were employed."  Hallett v. United States, 877 F.Supp. 1423, 1430 (D.Nev. 1995) (citing Restatement (Second) Agency, §235).

Based upon the foregoing, the court concludes that plaintiff has failed to demonstrate that Forest and/or Morrissette was acting within the scope of his employment when plaintiff was assaulted or that the government might be liable on a theory of respondeat superior.  Accordingly, plaintiff has failed to carry his burden of demonstrating that the court has jurisdiction over

10

that portion of Count I which alleges negligent supervision of military personnel.

Even assuming, however, that the court found Forest and/or Morrissette to be acting within the scope of his federal employment during the weekend retreat, dismissal of plaintiff's negligent supervision of personnel count would still be appropriate because it is barred by the assault and battery exception to the FTCA. 28 U.S.C. §2860(h). Although plaintiff attempts to avoid application of the FTCA's assault and battery exception by pleading negligent supervision, that claim "arises out of" an assault and battery (and conceivably, false imprisonment) and is, therefore, barred. 28 U.S.C. §2680(h).

Here, as in United States. v. Shearer, 473 U.S. 52 (1985), plaintiff cannot circumvent the provisions of section 2680(h) by recasting an assault and battery claim as one for negligent supervision:

> The Federal Tort Claims Act's waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault [or] battery," 28 U.S.C. §2680(h), and it is clear that respondent's claim arises out of the battery committed by Private Heard. No semantical recasting of events can alter the fact that the battery was the immediate cause of Private Shearer's death and, consequently, the basis of respondent's claim.

11

> Respondent cannot avoid the reach of §2680(h) by
> framing her complaint in terms of negligent failure to
> prevent the assault and battery. Section 2680(h) does
> not merely bar claims <u>for</u> assault or battery; in
> sweeping language it excludes any claim <u>arising out of</u>
> assault or battery. We read this provision to cover
> claims like respondent's that sound in negligence but
> stem from a battery committed by a Government employee.
> Thus "the express words of the statute" bar
> respondent's claim against the Government.

<u>United States. v. Shearer</u>, 473 U.S. 52, 54-55 (1985) (citation
omitted) (emphasis in original).


The facts of this case readily distinguish it from <u>Sheridan
v. United States</u>, 487 U.S. 392 (1988), in which the court held
that the plaintiff's negligence claim was not barred by section
2680(h). In <u>Sheridan</u>, the plaintiff was injured by the tortious
conduct (assault and battery) of an intoxicated off-duty
serviceman, wielding a firearm. The court recognized, however,
that the plaintiff's negligent supervision claim against the
government arose from the government's alleged breach of an
independent duty which the government had voluntarily assumed
with regard to the plaintiff; the claim was not based on
respondeat superior liability for the intentional torts committed
by a federal employee:

> The tortious conduct of an off-duty serviceman, not
> acting within the scope of his office or employment,
> does not in itself give rise to Government liability

12

> whether that conduct is intentional or merely
> negligent.
>
> As alleged in this case, however, the negligence of
> <u>other Government employees</u> who allowed a <u>foreseeable</u>
> assault and battery to occur may furnish a basis for
> Government liability that is entirely independent of
> [the serviceman's] employment status.  By voluntarily
> adopting regulations that prohibit the possession of
> firearms on the naval base and that require all
> personnel to report the presence of any such firearm,
> and by further voluntarily undertaking to provide care
> to a person who was visibly drunk and visibly armed,
> the Government assumed responsibility to "perform its
> `good Samaritan' task in a careful manner."

Id. at 401 (citation omitted) (emphasis added).

In <u>Sheridan</u>, the Supreme Court recognized that one category of assault and battery cases escapes the preclusive effect of section 2680(h).  "Specifically, when a negligence claim against the government arises out of an incident of battery but is in no way contingent on the perpetrator's federal employment status, i.e., when the government's liability is based on its breach of a duty owed the victim that is independent of its relationship, if any, to the perpetrator, §2680(h) does not bar recovery under the FTCA."  <u>Franklin v. United States</u>, 992 F.2d 1492, 1498 (10th Cir. 1993).  Justice Kennedy made this point clear in his concurring opinion in <u>Sheridan</u>:

> To determine whether a claim arises from an intentional
> assault or battery and is therefore barred by the

13

> exception, a court must ascertain whether the alleged negligence was the breach of a duty to select or supervise the employee-tortfeasor or the breach of some separate duty independent from the employment relation. If the allegation is that the Government was negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception of §2680(h) bars the claim.

Sheridan v. United States, 487 U.S. at 406-07 (Kennedy, J., concurring).

Plaintiff has failed to direct the court to any regulations or policies adopted by the government which would arguably give rise to an independent duty to protect plaintiff from foreseeable risks associated with attending the CRA weekend retreat to Temple Mountain. Accordingly, the exception to section 2680(h) articulated by the court in Sheridan is inapplicable and plaintiff's negligent supervision claim is barred. See, e.g., Truman v. United States, 26 F.3d 592, 594-95 (5th Cir. 1994) ("If the conduct upon which a claim is based constitutes a claim `arising out of' any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim. Even if a Plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the Plaintiff's claim is still barred `when the underlying governmental conduct essential to the Plaintiff's claim can fairly be read to arise out of conduct that

14

would establish an excepted cause of action.'"); <u>Bajkowski v. United States</u>, 787 F.Supp. 539, 541-42 (E.D.N.C. 1991) ("The [<u>Sheridan</u>] Court did not, however, challenge the [proposition] . . . that negligent supervision claims fall within the assault-and-battery exception. . . . Government liability here is not `premised on something <u>other than</u> the employment relationship,' and Plaintiff's claim falls squarely within section 2680(h).").

III. Count II - Intentional Infliction of Emotional Distress.

Unlike claims for assault, battery, and false imprisonment, an action against the government for intentional infliction of emotional distress is not barred by section 2680(h). "And even in the case where the facts of the complaint might give rise to similar torts, `the partial overlap between two tort actions does not support the conclusion that if one is excepted under the Tort Claims Act the other must be as well.'" <u>Santiago-Ramirez v. Secretary of Dept. of Defense</u>, 984 F.2d 16, 20 (1st Cir. 1993) (citations omitted).

As with Count I, the government's liability, if any, with regard to plaintiff's claim for intentional infliction of emotional distress is determined under New Hampshire law. 28 U.S.C. §1346(b). For the reasons set forth above, even

15

assuming that Forest and Morrissette were government employees in August, 1991, plaintiff cannot prevail against the government on a theory of respondeat superior.  In fact, plaintiff concedes as much.  Plaintiff's Objection, at ¶7.

Instead, plaintiff claims that he has stated a viable claim against the government based upon "the breach of independent duties of the United States, which resulted in the intentional infliction of emotional distress on the plaintiff by a government employee."  Plaintiff's Objection, at ¶7.  Apparently, Count II of the complaint is based upon the allegation that the government negligently failed to supervise its military personnel and equipment which failure led to the intentional infliction of emotional distress upon plaintiff.

Under New Hampshire law, however, such a claim fails as a matter of law.  In <u>Morancy v. Morancy</u>, 134 N.H. 493 (1991), the New Hampshire Supreme Court recognized the tort of intentional infliction of emotional distress and adopted section 46 of the Restatement (Second) of Torts, which provides:

> One who by extreme and outrageous conduct <u>intentionally or recklessly</u> causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

16

<u>Morancy</u>, 134 N.H. at 496 (quoting Restatement (Second) of Torts §46) (emphasis added). In order to avoid dismissal, plaintiff must allege that a tortfeasor acted intentionally or recklessly, proximately causing his injuries and that the government is liable for his resulting damages. Because plaintiff is, by his own admission, not proceeding on a theory of respondeat superior, the fact that Forest and Morrissette may have acted intentionally or recklessly is not relevant; plaintiff is not seeking to hold the government vicariously liable for the intentional torts of Forest and Morrissette.

In order to prevail, therefore, plaintiff must articulate some scenario under which the government -- the purported tortfeasor -- acted intentionally or recklessly and proximately caused his injuries. Plaintiff has failed to do so. At best, he alleges that the government was negligent in performing some ill-defined duty to protect him from foreseeable risks associated with participating in the CRA weekend retreat. Under New Hampshire law, one cannot be held liable on a theory of intentional infliction of emotional distress for mere negligence; the defendant's conduct must be intentional or, at a minimum, reckless. <u>See</u> Restatement (Second) of Torts, §46, comment i ("The rule stated in this Section applies where the actor desires

17

to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct.  It applies also where he acts recklessly, as that term is defined in §500, in deliberate disregard of a high degree of probability that the emotional distress will follow.").

Consequently, Count II of the complaint fails to state a claim under New Hampshire law, is outside the scope of the government's limited waiver of sovereign immunity, and must be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, that portion of Count I which purports to state a claim for negligent supervision of military personnel is dismissed for lack of subject matter jurisdiction. Likewise, Count II is dismissed in its entirety.  Defendant's Motion for Partial Dismissal (document no. 4) is granted.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 19, 1995

cc:  Gary Casinghino, Esq.
     Gretchen Leah Witt, Esq.