Manuela **ACOSTA**, Julio **Mendoza**, as Personal Representative of the Estate of Mirna Mendoza, Deceased Plaintiffs,

v.

THE **UNITED STATES** of America Defendants.

Nos. 981942CIV, 99387CIV.

United States District Court, S.D. Florida, Miami Division.

Oct. 4, 2001.

Rodney D. Logan, Bank of America Tower, Miami, FL, Jeffrey Robert Davis, Miami, FL, for Plaintiffs.

Lawrence Nathan Rosen, AUSA, United States Attorney's Office, Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment.

### Background

On September 2, 1997, post office employee, Jesus Antonio Tamayo, while on post office property, shot Manuela Acosta (his ex-wife) and Mirna Mendoza (his ex-wife's friend), and then committed suicide. Ms. Mendoza died on December 22, 1997. Subsequently, Manuela Acosta and Julio Mendoza, as Personal Represenative of the Estate of Mirna Mendoza, separately brought suit against the United States under the Federal Tort Claims Act ("FTCA"). The Court consolidated the two actions because they involved the same facts and legal questions (Order Feb. 26, 2001).

The Plaintiffs allege that the United States was negligent in (a) hiring and retaining Tamayo; (b) employing and supervising Tamayo; (c) failing to warn the Plaintiffs of the dangerousness of Tamayo; (d) failing to warn the Plaintiffs of the existence of hand guns or firearms on the premise and (e) failing to maintain the premises in a safe condition.

The Plaintiffs suggest that the September 2 shooting was foreseeable because Tamayo exhibited 15 of the 16 warning signs of violent behavior listed in the post office's "Threat Management Plan." These behaviors alleged by the Plaintiffs are: history of violence or suicide attempt; intimidates others; history of mental problems (Tamayo was being treated for post traumatic stress disorder, paranoia and depression); blames others for problems; strong interest in guns and weapons; arguments with co-workers; sudden change in behavior or habits; poor self-esteem; unstable family life; loner; fascination with the military or law enforcement; suspicious of others; loss of job or demotion; increased accidents on the job; and absenteeism at work. The Plaintiffs have presented some evidence that Tamayo exhibited each of these behaviors. Additionally, the Plaintiffs allege that Tamayo's supervisor escalated an already dangerous situation by harassing him and failing to provide any support services for him.

The United States views the facts differently and suggests that Tamayo specifically intended to shoot his ex-wife and her girlfriend, and the fact that the shooting took place in the post office was fortuitous. According to the United States' version of

the facts, Ms. Acosta and Ms. Mendoza came to the post office for the sole purpose of harassing Tamayo and this set him off, leading to the shooting. Additionally the United States argues that it had no notice of many of the warning signs alleged by the Plaintiffs.

### Summary Judgment Standard

Rule 56(C) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate only where the moving party is entitled to judgment as a matter of law. A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The purpose of the summary judgment rule is to dispose of unsupported claims or defenses which, as a matter of law, raise no genuine issues of material fact suitable for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party who moves for summary judgment bears the initial burden "to show the district court, by reference to materials on file, that there is no genuine issue of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). A court must view the evidence presented in a light most favorable to the non-moving party.

However, once the moving party meets his initial burden, "the burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* at 608. The non-moving party may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts, through affidavits or the other forms of evidence provided for by the rules. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Essentially, "the inquiry . . . is . . . whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505. With this standard in mind, we address the Defendant's Motions for Summary Judgment.

### Defendant's Motions for Summary Judgment

The United States argues that the FTCA provides the exclusive remedy for the plaintiffs. 28 U.S.C. § 2679(a). Title 28 U.S.C. § 2680(h), however, prohibits suits against the United States with respect to "[a]ny claim arising out of assault, battery," among other intentional torts. *See Metz v. United States*, 788 F.2d 1528 (11th Cir.1986).

Moreover, the United States also retains immunity from "claims based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The United States alleges that hiring and retaining a particular employee falls within the "discretionary function exception." Hence the government moves for summary judgment based on its immunity.

The Plaintiffs cite *Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988), for the proposition that at least in some situations, even when the injury was caused by an assault and battery, there can be liability against the government. Additionally, the Plaintiffs contend that the discretionary function is not applicable because the United States had regulations in place and therefore it lacked discretion.

### Argument

■ This action is brought against the United States under the Federal Tort Claims Act ("FTCA"), which provides the exclusive remedy for tort actions against the United States, to the extent that the FTCA waives sovereign immunity. 28 U.S.C. § 2679(a); *Dalehite v. United States,* 346 U.S. 15, 30–31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Title 28 U.S.C. § 2680(h), however, provides that there will be no suits against the United States with respect to "[a]ny claim arising out of assault, battery..." Thus, this Court does not have jurisdiction over claims against the United States which "arise out" of an assault and battery.

The Plaintiffs, however, do not bring a claim of assault or battery against the United States. Instead the Plaintiffs bring causes sounding in negligence (i.e. negligent supervision, negligent hiring, negligent retention, et. al..) The United States argues that all of the Plaintiffs' causes "arise out" of the assault and battery and therefore the Court lacks jurisdiction over the Defendant with regard to such causes, based on § 2680(h). It is clear that the Eleventh Circuit has taken an expansive reading of § 2680(h) and has used the provision to universally find a lack of jurisdiction over negligence claims asserted against the government that arise from an assault and battery. *See e.g. Metz v. United States,* 788 F.2d 1528 (11th Cir. 1986); *JBP Acquisitions, LP. v. United States,* 224 F.3d 1260 (11th Cir.2000); *O'Ferrell v. United States,* 253 F.3d 1257 (11th Cir.2001). Therefore, it would appear that the Court lacks jurisdiction over the Plaintiffs' negligence claims.

The Plaintiffs, however, argue *Sheridan v. United States,* is an exception to § 2680(h) and allows the Court to take jurisdiction in this case. *See* 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352. The Plaintiff's are correct to argue that *Sheri-* *dan* presents an exception to § 2680(h), but the Court finds that the *Sheridan* exception is not applicable to the present case. In *Sheridan v. United States,* the Supreme Court carved out an exception "in a case in which the employment status of the assailant has nothing to do with the basis for imposing liability on the government." 487 U.S. 392, 108 S.Ct. 2449, 2456, 101 L.Ed.2d 352 (1988). This exception has become known as the "independent affirmative duty" doctrine.

In *Sheridan,* an intoxicated, off-duty serviceman fired several rifle shots into the petitioners' automobile, causing physical injury to one of the petitioners. Navy corpsmen had found him earlier in a drunken stupor and fled when they saw a rifle in his possession. The corpsmen did nothing to alert the authorities or subdue the serviceman, despite the fact that they were required to do so by Navy Regulation and a state "Good Samaritan Statute". Petitioners brought suit under the FTCA alleging that their injuries were caused by the Government's negligence in allowing the serviceman to leave with a loaded weapon in his possession.

■ The Supreme Court, in essence, held that Petitioner could have successfully maintained an action against the government even if the assailant was completely unrelated to the government. In other words, a fact finder could have determined that United States was negligent in not taking any action whatsoever after obtaining knowledge of a drunk, belligerent man wielding a shotgun who was about to enter into a public area. It would seem "perverse" to exonerate the government simply because the assailant happened to be an employee, when it would be liable if he were not. *Id.* Therefore, *Sheridan* stands for the proposition that where the United States would be liable to a plaintiff wheth-

er or not the tortfeasor was an employee, the claim is not barred by § 2680(h).

The case *sub judice*, however, is not a case in which the employment status of the assailant has nothing to do with the basis for imposing liability on the government. *Sheridan*, 487 U.S. at 402, 108 S.Ct. 2449. No matter which cause of action the Plaintiffs rely on, the essence of their argument is that the battery was foreseeable. *Sheridan* does not apply, however, where an allegedly foreseeable battery was only foreseeable to the Defendant because it happened to be the assailant's employer. *See Bajkowski v. United States*, 787 F.Supp. 539, 541–42 (E.D.N.C.1991). In *Bajkowski*, the Court found that it lacked jurisdiction because the *Sheridan* exception did not apply.[1] The court held that:

> "if [the assailant] were not an employee of the Army, the Army would not have had either knowledge of his prior criminal and assaultive behavior or a corresponding duty to monitor and supervise him closely enough so that this behavior would not reoccur. Unlike in *Sheridan*, where the duty of the Navy corpsmen to protect the public from potential assault by Carr arose from factual context immediately proceeding the assault-and had nothing to do with Carr's employment relationship with the Navy, the

duty of the Army arose in this case arose, if at all, exclusively from its employment relationship with [the assailant]."

*Id.* The same can be said about the case at bar. The Plaintiffs have presented no evidence that any employee saw Tamayo's gun before the shooting began. Each piece of evidence that the Plaintiffs have presented to suggest that the assault was foreseeable, arose exclusively from the United States' employment relationship with Tamayo. Therefore, the *Sheridan* exception does not apply.

The Plaintiffs argue, however, that their case is identical to *Senger v. United States*, 103 F.3d 1437 (9th Cir.1996). In *Senger*, the Court applied the "independent affirmative duty" principle of *Sheridan* to a similar postal shooting case, and found that the United States could be liable based on premises liability. *See Id.* This case, however, is not binding precedent in the 11th Circuit, and this Court declines to adopt it as it runs contrary the principles of *Sheridan* and the clear purpose of § 2680(h). Justice Kennedy, in his concurrence to *Sheridan*, stated:

> If the allegation is that the Government was negligent in the supervision or selection of the employee and that the

---

1. One Court has held that *Bajkowski* misinterprets the Supreme Court because "if the reasoning in *Bajkowski* were in fact the reasoning of the Supreme Court in *Sheridan*, there would have been no reason for the court to have reserved decision on 'negligent hiring, negligent supervision or training' as it did. These causes of action would have been plainly included in the assault and battery exception." *Mulloy v. United States*, 884 F.Supp. 622, 629 (D.Mass.1995). We believe it is *Mulloy* that misinterprets *Bajkowski*. Under the rule stated in *Bajkowski* and reiterated in this order, the negligence causes of actions could not be "plainly included" in the *Sheridan* exception because *Bajkowski* itself im-

plies that such causes may survive where the duty to protect invites arose from the factual context immediately proceeding the assault and had nothing to do with the assailant's employment relationship. *See Bajkowski v. United States*, 787 F.Supp. 539, 542 (E.D.N.C. 1991). Moreover, the Supreme Court plainly did include the rule stated in *Bajkowski* when it held "that it would allow a claim against the Government if based on the negligence of other Government employees...entirely independent of [the intentional tortfeasor's] employment status." *Sheridan*, 487 U.S. 392, 405, 108 S.Ct. 2449 (J. White, concurring) (*quoting* the majority at 2455).

**1370**

intentional tort occurred as a result, the intentional tort exception of § 2680(h) bars the claim. Otherwise, litigants could avoid the substance of the exception because it is likely that many, if not all, intentional torts of Government employees plausibly could be ascribed to the negligence of the tortfeasor's supervisors. To allow such claims would frustrate the purposes of the exception.

*Sheridan,* 487 U.S. at 406–07, 108 S.Ct. 2449 (Kennedy, J., concurring). This reasoning was implicitly adopted by the 11th Circuit, in finding that negligence claims fit within the § 2680(h) exception. *See e.g.* *O'Ferrell,* 253 F.3d at 1266; *Metz,* 788 F.2d 1528.

Justice White's reasoning applies equally to a claim of premises liability in the present situation. Under Florida law, a proprietor is subject to premises liability based on the *foreseeable* criminal acts of a third person. *See e.g., Doe v. U.S.,* 718 F.2d 1039, 1042 (11th Cir.1983) (emphasis

added). In the present case, a determination of whether Tamayo's acts were foreseeable would be essentially the same inquiry employed to determine liability for negligent hiring and retention. In other words, a finding that Tamayo's acts were foreseeable would lead to a finding of both negligent hiring and premises liability. If the negligent hiring claim is barred by the 11th Circuit because it would allow litigants to avoid the substance § 2680(h), the premises liability claim should be barred for the same reason.

 The Court recognizes that premises liability may, under certain circumstances, be the basis of a negligence claim against the United States. For instance, premise liability may be appropriate in situations such as *Sheridan,* where the duty to protect invites arose from the factual context immediately proceeding the assault and had nothing to do with the assailant's employment relationship.[2] *See Bajkowski v. United States,* 787 F.Supp.

---

**2.** Premises liability may also apply where the United States fails to create a secure premises by, for instance, failing to install metal detectors or employ armed guards. However, to the extent that the Plaintiffs are arguing this basis of liability, the Court finds that it lacks jurisdiction over the claim because it falls within the discretionary exception.

The United States normally has the burden of proving the applicability of the discretionary function exception. *See Sexton v. United States,* 132 F.Supp.2d 967, 971–72 (M.D.Fla. 2000). However, in a case where regulatory scheme expressly or impliedly confers policy imbued decisions to discretion of federal agency, the burden is on the plaintiff to allege nondiscretionary acts that give rise to liability under Federal Tort Claims Act. *See Sunrise Village Mobile Home Park v. Phillips & Jordan, Inc.,* 960 F.Supp. 283, 286 (S.D.Fla. 1996). The Eleventh Circuit has held that there is a regulatory scheme in place which confers policy imbued decisions with regard to security at the post office to the discretion of the Security Control Officer for each post

office. *See Hughes v. United States,* 110 F.3d 765, 768 (11th Cir.1997); *Doe v. U.S.,* 718 F.2d 1039, 1041 (11th Cir.1983)

Moreover, this Court finds that this is the type of judgment the exception was designed to shield. Such security decisions must be based on important policy considerations, including the need to effectively allocate resources, the desire to reduce the amount of time customers must spend in the post office, the desire to create a friendly environment in the post office, and the need to maintain the speed, efficiency, and low cost of using the postal service. (Def.'s Mot. Dismiss or Summ. J., Ex. A, Decl. Frank Marion) Because the regulatory scheme confers discretion, the burden is shifted to the Plaintiffs to allege nondiscretionary acts giving rise to liability. The Plaintiffs have failed to identify any nondiscretionary act regarding these types of security issues. Because these types of security decisions fit within the discretionary function exception, this Court lacks jurisdiction over them.

539, 542 (E.D.N.C.1991). A theory of premises liability, however, cannot be used as a subterfuge to mask a simple assault and battery claim based on inadequate hiring, training, or supervision of the offending employee. *Pottle v. United States,* 918 F.Supp. 843, 850 (D.N.J.1996).

> Every day, across the country, thousands of federal employees interact with millions of citizens on government premises at post offices, administrative offices, courthouses, and other facilities. Tensions may rise during the course of these interactions, or government employees may fail to follow directives issued by their supervisors. Section 2680(h) was intended to bar claims arising from assaults by government employees. If the Court held that the government was subject to suit in such cases, it would overstep the bounds of the sovereign immunity waiver expressed by the government. *Id.*

Because the *Sheridan* exception does not apply, this Court lacks jurisdiction over the Defendant and must GRANT the Defendant's motion for summary judgment.

For all the above reasons, it is ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment be GRANTED.